EDGAR A. BENEDICT AND OTHERS *vs.* DAVID PEARCE AND WIFE.

A husband, without the knowledge of his wife, submitted to arbitration a question as to a boundary line of her land. Held that she could not be affected by the award.

In a suit against the husband and wife, involving the question of the true line, the award was offered in evidence against both, and provisionally admitted by the court on the statement of the plaintiff's counsel that they would connect the wife with the submission; the judge saying to the jury that, if the plaintiffs' counsel should fail to do this, he would instruct them in the charge as to the effect of the evidence. Such connection not being shown, the judge instructed the jury that the award was not conclusive on the wife, but that she could show, notwithstanding, the true line. Held that the jury under this charge must have considered the award as admitted in evidence against the wife, while it should have been wholly ruled out as to her.

[Argued November 4th—decided November 24th, 1885.]

ACTION for entering on the plaintiffs' land and erecting a fence thereon ; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas, and tried to the jury before *Hall, J.* Verdict for the plaintiff, and appeal by the defendants. The case is sufficiently stated in the opinion.

*H. W. Taylor*, with whom was *W. F. Taylor*, for the appellants.

*L. D. Brewster*, for the appellees.

PARK, C. J. It appears in this case that the plaintiffs and the defendant Mrs. Pearce were owners of adjoining tracts of land, the defendant's tract lying north of the plaintiffs', and that the true line between them was the centre line of a board fence, which had separated the tracts for many years previous to 1884.

In the year 1884 the defendants removed the divisional fence and erected another, and this act is the ground of this suit.

While the new fence was being erected a dispute arose between one of the plaintiffs and the defendant David Pearce regarding its line, the plaintiff contending that the fence was placed upon the land of the plaintiffs, and Mr. Pearce insisting that it was upon the line of the old fence. The dispute resulted in the parties submitting the matter in controversy to the arbitrament of certain persons. This was done without the consent or knowledge of Mrs. Pearce, and without her knowledge or consent the arbitrators heard the other parties interested and made an award favorable to the plaintiffs. Upon the trial of the cause, which is an action for damages for placing the fence upon the land of the plaintiffs, the latter offered the submission and award of the arbitrators in evidence " to prove the location of the divisional line between the tracts," and as " conclusive upon both of the defendants upon the question of the location of the line."

The defendants objected to the reception of the evidence, but the court admitted it upon the statement of the plaintiffs' counsel that they intended to show that the submission and award were made with the knowledge and consent of Mrs. Pearce. In the admission of the evidence the court remarked " that upon failure of the plaintiffs to prove that Mrs. Pearce was a party to the submission and award, the jury would be instructed in the charge regarding the effect of the evidence." The plaintiffs failed to prove such connection, and the court charged the jury upon the subject as follows :

" The submission by Mr. Pearce and the plaintiffs of this question of the old fence, or the true divisional line, to the arbitration of Selleck and McPhelemy, and their award, is not conclusive upon the defendants, or either of them. Notwithstanding such submission and award the defendants, or either of them, may prove that the fence erected in 1884 was placed upon the true divisional line, or line of the old fence erected in 1864. The evidence respecting the submission and award is not wholly excluded from your consideration. The acts of the arbitrators upon the premises in the presence of the plaintiffs and Mr. Pearce, while the fence in question was in process of erection, and the conversation of the parties, were so connected with the controversy respecting the location of the old fence as to render them admissible; and the jury may consider the declarations of Mr. Pearce made at that time as against him, and especially in connection with his testimony on the trial."

It appears therefore that the evidence, which was provisionally received against Mrs. Pearce, to be disposed of in the charge to the jury if the plaintiffs should fail to connect her as a party with the submission and award, was not ruled out, as against her, in the charge ; and here we think the court erred. Clearly Mrs. Pearce could not be affected in her rights regarding her property by the acts or declarations of her husband made in her absence, and without her knowledge or consent, as the case finds.

But it is said that the error of the court could not have

Benedict *v.* Pearce.

done Mrs. Pearce any harm because it was received conditionally by the court, upon the statement of the plaintiffs' counsel that they intended to connect her as a party with the submission and award; and subsequently, in the argument to the jury, the counsel conceded that they had failed to show such connection; therefore, it is said, the jury must have understood that the evidence was out of the case so far as she was concerned.

But the court, in the charge to the jury, gave them clearly to understand that the evidence was in the case against both of the defendants. The court said to the jury that the submission and award were not conclusive upon the defendants, or either of them; that the defendants, or either of them, could notwithstanding prove that the new fence was on the line of the old one. Surely the court gave the jury to understand that the evidence was in the case for their consideration against Mrs. Pearce, notwithstanding what occurred when it was received. Indeed the court remarked at the time that upon failure of the plaintiffs to prove that Mrs. Pearce was a party to the submission, the jury would be instructed in the charge regarding the effect of the evidence. The jury, therefore, waited to learn from the charge what the court would do with the evidence against her, and instead of its being ruled out it was virtually ruled in by the court. We think it is clear that the court erred in receiving the evidence against Mrs. Pearce, and that her rights were injuriously affected by its admission.

There is error in the judgment appealed from so far as Mrs. Pearce is concerned; and as to her the judgment is reversed and a new trial ordered.

There is no error so far as the defendant David Pearce is concerned.

In this opinion the other judges concurred.