# DERBY v. UNITED STATES.

## LAPHAM v. SAME.

(District Court, D. Massachusetts. January 7, 1927.)

### Nos. 2751, 2752.

1. Internal revenue ⊛⟹11—Amount paid for stock in social club, not required as condition of membership, held not "initiation fee," subject to tax (Revenue Act of 1918, § 801 [Comp. St. § 6309⅝b]).

Where social club did not require purchase of stock for membership, but required initiation fee of $100 in case of member not owning five $100 shares, sums paid for purchase of stock held not to constitute an initiation fee, subject to tax under Revenue Act of 1918, § 801 (Comp. St. § 6309⅝b).

2. Internal revenue ⊛⟹11—"Initiation fee" is sum paid on joining organization, and, as respects tax, does not include payment for article required for membership.

"Initiation fee," in the general meaning of the word, is sum paid on joining an organization for privileges of membership, and, as respects tax, does not include payment made to purchase some article required as condition of membership.

At Law. Separate actions by Ashton P. Derby and by Henry G. Lapham against the United States. Judgment for plaintiff in each case.

George S. Fuller and Norman W. Bingham, Jr., both of Boston, Mass., for petitioners.

Harold P. Williams, U. S. Atty., and Marcus Morton, Jr., Asst. U. S. Atty., both of Boston, Mass., for the United States.

MORTON, District Judge. These are actions by different plaintiffs to recover taxes assessed on an alleged "initiation fee," which each paid to the Wianno Club. They were heard together. Each tax was imposed under Revenue Act 1918, § 801 (U. S. Comp. St. § 6309⅝b). The facts are as follows:

The Wianno Club was organized about 1916, being incorporated as a social club under Massachusetts laws. It purchased two rather valuable tracts of land in the general neighborhood of Hyannis. On one of these it operates a clubhouse, in the nature of a summer hotel. On the other it maintains a golf course and clubhouse. It bought a good deal more land than was needed for the golf course. While the club appears to have been organized primarily for the benefit and protection of the cottagers in that vicinity, I have no doubt that the able and far-sighted gentlemen who controlled its affairs believed that its purchases of real estate would not

prove unprofitable. Events have justified this opinion.

[1] The club financed its purchases mainly by the issue of stock, which it sold at par, $100 a share. It was thought best to put the social and sporting membership of the club upon a different basis from stock ownership. To this end it was provided that the stockholders should elect a board of governors, whose duties are much like those of the ordinary board of directors of a corporation, with the important addition that they may elect persons, not stockholders, members of the club. The expression, membership in the club, is used as meaning either a stockholder in the corporation or a person elected by the board of governors. Nobody has any right to use the privileges of the club, except members of the latter sort. All persons so elected, whether stockholders or not, pay annual dues. If a person so elected owns five shares or more of the stock, no initiation fee is charged; if he does not own five shares, an initiation fee of $100 is charged. The club has stockholders who are not social members, and social members who are not stockholders.

The two plaintiffs were elected to membership. Derby bought one share of stock from the club, paying $100 therefor; Lapham bought five shares from the club, paying $500 therefor. Derby paid an initiation fee of $100; Lapham paid no initiation fee. The government imposed on the $500 paid by Lapham for his stock a 10 per cent. tax, upon the theory that it constituted an initiation fee. A similar 10 per cent. assessment was made against Derby on the sums which he paid for his stock and for his initiation fee. As to this last, no question is raised against the tax on it. The plaintiffs contend that the other payments were not taxable as "initiation fees."

Some confusion has arisen from the use of the word "club" in the name of the corporation. The social club is a different organization from the corporation which owns the property. While the stockholders of the corporation elect the board of governors of the social club, as above stated, a stockholder is not ipso facto a member of the club, and stockholder members have no greater rights than others in the use of the club property. Their right—or "privilege," as the government calls it—to vote for the board of governors appertains to their ownership of stock, and not to their membership in the social club.

[2] An initiation fee, in the general meaning of the term, is a sum paid upon joining an organization for the privileges of membership. It does not, I think, include a payment made to purchase some article required as a condition of membership—e. g., a uniform, or token; still less a purchase of stock not so required. This was the view originally taken in the department regulations, those under the act of 1918 defining initiation fees as including "any payment to the club for which no consideration is received other than membership in the club and rights flowing therefrom." This regulation was later canceled and superseded by the one under which the tax was assessed. But in my opinion the first view of the department was right. One result of the present regulation is that Derby has paid a total initiation fee tax of $20, while Lapham has paid for exactly the same thing $50—a result which strongly indicates that the principle on which the tax was levied is wrong.

These conclusions are in accord with the decisions by a unanimous court, since this case was argued, in Alliance Country Club v. United States, Court of Claims, Nov. 15, 1926; Lukens v. United States, same court, same date; and Page v. United States, same court, same date.

Judgment for plaintiff in each case.