A prompt determination of the applications made in this cause is earnestly solicited. I shall accordingly express my present views.
The bill is filed by Local 60 of the Industrial Union of Marine and Shipbuilding Workers of America, an unincorporated association existing by virtue of a charter issued by an affiliate of the Congress of Industrial Organizations. The defendant Federal Labor Union No. 22,955 is a similar unincorporated association possessing a charter issued by the American Federation of Labor. The remaining defendant, Welin Davit and Boat Corporation, may be pertinently styled the employer. *Page 552 
The bill discloses that a contract was made between the Welin Corporation and the Federal Labor Union which contains the following paragraph:
"20. The company agrees and the union does authorize the company to deduct the monthly union dues and such initiation fees as may be levied from time to time by the union, from the wages of the employees. This check-off is to be made on the first day of each month during the life of this contract or at such other mutually agreed time as will conform to the accounting practices of the company."
This contract expired by its terms on May 31st, 1943, but the bill expressly charges that the contract was immediately perpetuated by the assent of the same parties, pending the negotiation and approval of a new agreement.
At a meeting of the Federal Labor Union on June 27th, 1943, it was resolved by a vote of the members present to terminate their affiliations with the American Federation of Labor and to accept a charter available from the Industrial Union of Marine and Shipbuilding Workers of America, which is associated with the Congress of Industrial Organizations, and to designate their association as Local 60 of the Industrial Union of Marine and Shipbuilding Workers of America. On June 29th, 1943, the Welin Corporation, the employer, was informed of the action taken at the meeting of the members of the Federal Labor Union and notified by a communication signed by a majority of the members of the "intent and desire" of the complainant, Local 60, to undertake the duties and inherit the rights of the Federal Labor Union specified in the existing contract. The bill expresses the disinclination of the Welin Corporation to assent to the substitution of the complainant for the Federal Labor Union as a party to the present continuing compact.
The complainant has addressed a petition to the National Labor Relations Board requesting authorization of an election to determine the bargaining agent empowered to represent the employees of the Welin Corporation.
In the circumstances so alleged, the complainant, Local 60, prays for an interlocutory order and ultimate decree restraining the Welin Corporation from hereafter disbursing any *Page 553 
such deductions to the Federal Labor Union and enjoining the Federal Labor Union from using any funds received by it from the Welin Corporation by way of check-off subsequent to the meeting of June 27th, 1943.
The complainant seeks the immediate allowance of the desired restraint, and the defendants contravene with motions to strike the bill. 1 Dan. Ch. Pr. (5th ed.) [*]596; Grey v.Greenville and Hudson Railway Co., 59 N.J. Eq. 372;46 Atl. Rep. 638.
The practice of the employer to deduct union dues and fees from the wages of the employees, commonly known as the "check-off" is definitely a contractual expedient. The obligation of the employer to originate and pursue the practice arises only by virtue of contract. The destination of the funds deducted and the rights appertaining to their eventual use are likewise created and governed by contract.
The only contractual obligation of the Welin Corporation mentioned in the bill is the operating extension of the former contract by which the employer agreed "to deduct the monthly union dues and such initiation fees as may be levied from time to time" by the Federal Labor Union "from the wages of the employees" and pay them to the Federal. The bill does not expose any legal or equitable interest of the complainant union in the proceeds of the check-off. It does not exhibit any privity of contract between the Welin Corporation and the complainant union.Cf. Sprague v. West Hudson County Trust Co., 92 N.J. Eq. 639;114 Atl. Rep. 344.
True, it is stated that a majority of the members of the Federal Labor Union have advised their employer that it is their "intent and desire" to have the check-off moneys temporarily retained or paid to the complainant, but the bill also declares that the employer declines to accede to the request. Manifestly, the complainant union has not yet acquired any contractual right to the funds or yet attained the authority to bargain on behalf of the employees with the employer.
Our courts now regard a collective bargaining agreement as the joint and several contract of the members of the union made for them by their agents. The only existing agreement requires the Welin Corporation to remit the dues and fees to *Page 554 
the Federal Labor Union. The group of employees who have now joined the complainant union apparently do not wish to abrogate the existing contract in all its particulars, and evidently do not object to the check-off, but desire that the employer be restrained from remitting the dues and fees deducted from the wages of all the employees to the union previously designated in the contract, and of which union they were formerly members. None of the individual employees is a party complainant asserting any injury to his individual rights.
My present conviction is that in the absence of facts disclosing some legal or equitable right or interest of the complainant union in the fund constituting the check-off, the bill must be regarded as unavailing.
An order striking out the bill will be advised.