ABRAHAM GREENWALD, as Secretary-Treasurer of Barber and Beauty Culturists Union of America, Local No. 3, Respondent, *v.* WILLIAM CHIARELLA, Appellant.

Supreme Court, Appellate Term, First Department, September 21, 1945.

*Richard S. Holmes* for appellant.

*Louis P. Goldberg* and *Julius C. Levy* for respondent.

EDER, J. Defendant appeals from a judgment for plaintiff entered after trial. The organization suing herein is a barbers' union; the defendant is the proprietor of a barbershop. On December 10, 1941, he entered into a written agreement with

the union and agreed to employ and to continue to employ members of the union in good standing; in turn the union agreed to furnish him, upon request, with journeyman barbers, if able to do so. The contract in subdivision (d) of article 5 thereof provides that if the union is unable to supply said help the proprietor may thereupon engage outside aid and that such outside journeyman barber shall immediately apply for union membership; in the event his application is disapproved the proprietor is then required to terminate his services.

Subdivision (d) of article 6 contains the following provision which forms the basis of this action: '' The Proprietor agrees to deduct, on or before the first day of each and every month during the term of this agreement, from the salary due each barber employee, whether or not such employee is a member of the Union, the monthly dues, the amount of which the Proprietor admits having knowledge of, and such other amounts which the Union shall, by written notice, certify to the Proprietor as due from such employee, and immediately transmit said amount to the authorized Union representative for remission to the Union.''

The complaint avers the making of the contract; it sets forth this provision, verbatim; it also alleges that between April and July, 1944, the defendant had in his regular employ two journeymen barbers; that defendant failed to deduct the sum of $18 dues for said period and initiation fees in the sum of $50, and neglected to transmit the same to plaintiff. Exhibit 2 is a statement sent to defendant and contains these items: two non-union men; dues for three months, $18; initiation fees $25 each; total $68.

The defendant interposed various defenses; one of them challenged the validity of said provision; the cause was tried before a jury; both sides moved for a directed verdict upon which decision was reserved; the court later rendered judgment for plaintiff. I am of the opinion that this was error and that the complaint should have been dismissed on the merits.

The above-quoted provision is known in labor circles as a '' check off ''; the term appears to have been first referred to in *Borderland Coal Corp.* v. *International U. M. Workers* (275 F. 871) there defined as a retention by the employer of a sum from the wages of the employee and the paying over of said amount to the employee's union. It is a device conceived and adopted by labor unions to assure payment of dues and other sums due to it from the members. '' Check off '' is accomplished by the act of the employer deducting, with the consent

of the employee, a certain sum monthly and as respects the employer, insofar as his obligation to make deduction and transmittal is concerned, it is said to rest purely on contract (*Pacific Mills* v. *Textile Wkrs.' Union of Amer.*, 197 S. C. 330; *Local 60, &c., America* v. *Welin Davit & Boat Corp.*, 133 N. J. Eq. 551).

"Check off" has been termed a contractual expedient (*Local 60, &c., America* case, *supra*); such an arrangement, then, is a matter of contract between the union on the one hand and the employer on the other; the union members while not individually named as parties to the contract, or actually participating therein, are nonetheless regarded in law as parties thereto since the contract is of a collective nature and is deemed the joint and several contract of the members of the union made for them by their agents (*Local 60, &c., America* case, *supra*).

The provision in the agreement to apply the checkoff system is a valid covenant supported by a sufficient consideration in the assent of the parties to such an arrangement, it being a cause or reason for inducing the parties to enter into the contract; in a proper setting this arrangement has been recognized as valid (*Pacific Mills*, case, *supra; Local 60, &c., America* case *supra*). It is to be observed that the employer, though a contracting principal, also becomes the agent of the union and of the union employees for the purpose of making such deductions and transmittals. Of course, only the contracting parties are bound. Failure or refusal on the part of the employer to comply with this provision would involve a breach of contract giving rise to a suit by the union for a recovery of the sums which should have been deducted and remitted to it.

A different situation is presented and another question arises where the contract requires the employer to make such deductions and remittances in the case of a nonunion employee who has not consented thereto. It is to be noted that subdivision (d) of article 6 nevertheless requires deductions from the wages of employees who are not union members of initiation fees and dues to the same extent as if they were members of the union although enjoying none of the union privileges or any of its advantages; indeed, for such deduction payments the nonunion employee is in no manner whatever compensated by the union. To the agreement in suit the nonunion employee is not a party, yet it subjects him, without his consent, to these deductions and requires the employer to make them and pay them over to the union for its sole benefit.

If the union had brought suit directly against these nonunion employees to recover said amounts on the theory that by

accepting employment with the defendant they thereby assented to the terms of the said provision and thereby authorized the defendant as their employer to make such deductions and transmittals there could be no recovery against them because it is an arrangement clearly lacking in consideration and mutuality.

If, instead, the union had exacted from the nonunion employees an assignment to it of these sums, to be deducted by their employer from their wages and transmitted to it as a condition for permitting their employment with the defendant the instrument would be unenforcible for like reason. If on the other hand the employer had made such an exaction in order to meet the union's demand and made such deductions and remittances to it I think it is equally clear that it would be invalid and that such sums so deducted could be recovered by such nonunion employee.

The Labor Law (§§ 196–198) and the Penal Law (§ 1272) inhibit any arrangement or practice which will deprive an employee of wages rightfully earned and to which he is justly entitled; and while these statutes are directed against the employer, in my opinion they nonetheless indicate a policy on the part of the State disapproving of any device or method which will or tends to accomplish such a result and a transaction savoring of that nature should be held to be invalid and unenforcible; it is an unconscionable imposition in such circumstances and offensive to public sentiment, said to be another name for public policy (*Veazey* v. *Allen*, 173 N. Y. 359, 368).

By this provision the union is in effect endeavoring to accomplish by indirection that which it could not legally attain directly, utilizing the employer of nonunion help as a conduit to siphon for it these sums which it could not itself legally acquire from them. The Trial Judge appreciated the difficulty and sought to justify a recovery by plaintiff on the following theory: "It is *assumed* that these new employees knew or were informed by the defendant that he was operating a closed shop, and it might be argued that, in accepting employment in a closed shop *they consented* to the requirements of the closed shop agreement." (Italics added.)

There is not the slightest basis for this assumption and assumed consent; the logical assumption is to the converse, that they did not consent to be bound thereby from the very fact that they were *nonunion* barbers.

It has been intimated that there is legal sanction for this provision as applied to nonunion employees because they were

entitled, although not members of the union, to the benefits of the collective bargaining agreement; I am unable to see that this furnishes a consideration; the law appears to confer the benefits of collective bargaining equally upon union members and nonunion employees, making no discrimination; collective bargaining is for the benefit of *all* employees (National Labor Relations Act, § 9, subd. [a]; U. S. Code, tit. 29, § 159, subd. [a]) and a collective bargaining representative is required to act on behalf of both union and nonunion employees (see *Steele* v. *L. & N. R. Co.*, 323 U. S. 192); the union therefore gave up nothing as a basis or as a consideration in return for the deduction requirement thus imposed on the employer as applied to nonunion employees.

As I view the case, irrespective of any other feature, and assuming the mentioned provision to be valid, in no event has there been a breach of contract shown. An initiation fee and dues are obligations arising from membership; "initiation fee" is a sum paid on joining an organization for the privilege of membership (*Derby* v. *United States*, 17 F. 2d 119, 120); "dues" refers to obligations into which a member of an organization enters to pay a sum, usually fixed by the by-laws, at recurring intervals, for the maintenance of the organization, for its general upkeep (*Thompson* v. *Wyandanch Club*, 70 Misc. 299). It is only when membership has been acquired that the payment of such fee and dues becomes an obligation of the member and until then the organization may not properly demand such sums. Subdivision (d) of article 5 of the contract imposes no obligation on the employer to compel the nonunion employee to join the union; what it does impose is a requirement on the part of such employee to do so, viz., "said Journeyman Barber shall immediately make application for membership in the Union". Inasmuch as the said employees did not become members of the union no initiation fees or dues became due from them and the defendant as their employer was without legal sanction to make such deductions. The union therefore never acquired any legal right to these sums. Upon the facts shown the failure or refusal of the defendant to make such deductions and pay them over to the union was not a breach of contract. The union clearly has no cause of action and the complaint should have been dismissed.

In view of the position here taken I regard it as unnecessary to consider other points made in the briefs. It was error to award plaintiff a recovery.

The judgment appealed from should be reversed, with $30 costs, and the complaint dismissed upon the merits, with costs.

HAMMER, J. (concurring). It is settled law, and here accepted without question, that union agreements of collective bargaining for a " closed shop " and " check off " are valid.

· The validity in respect of nonunion employees of the contract provision by which the employer agreed to deduct from the salary due each employee, whether or not such employee was a member of the union, and pay over to the union initiation fees and monthly dues and such other amounts which the union by written notice certified to the employer is questioned by the employer whom the union is here suing. By the contract it was also agreed that if the union was unable to furnish union employees the employer could employ outside help provided such employee immediately applied for union membership; and if the applicant was rejected the employer was required to terminate the employment.

The union's certificate to the employer upon which it based this action was for two nonunion men, dues for three months, $18, and initiation, $25 each, total $68. Even if it be open to question that the agreement sought to require the employer to deprive nonassenting nonunion employees of wages earned in violation of sections 196 to 198 of the Labor Law and section 1272 of the Penal Law, it seems obvious that the nonunion employees did not owe the union either initiation fees or dues. Neither of them was shown either to have applied for or to have been admitted to union membership or to have consented to such deduction or payment from his wages.

I do not agree that on appeal the complaint should be amended to state a cause of action or theory not urged below. Since plaintiff did not show that the nonunion employees owed the union the initiation fees and dues in suit it is difficult to see any theory under which the employer was obligated to deduct and pay them over to plaintiff.

I concur for reversal and dismissal on the merits.

SHIENTAG, J. (dissenting). I dissent and vote to affirm the judgment below. This is an action at law brought by a labor union against an employer to recover damages for breach of a collective bargaining agreement. The agreement provided for a " closed shop ". If, however, the union was unable to furnish the employer with its members the employer was permitted to use outside help, provided that such outside help immediately joined the union and that the employer would

deduct from their wages and turn over to the union the initiation fees and dues as certified to by the union, in the same manner as the employer undertook to do in the case of his union employees.

The employer, as the court below found, was entitled to employ outside help. That finding of fact is binding on this court. The nonunion employees, however, did not thereafter join the union and the employer failed to deduct from their wages the amount of the union's initiation fees and dues. This suit was then brought. There was ample consideration for the employer's agreement and the doctrine of mutuality is not here involved. We are not concerned in this litigation with any contractual arrangement made by the employer with his nonunion employees. We are concerned only with the employer's contract with the union and the obligations to the union which he assumed thereunder.

As far as union workers are concerned the so-called " check off " is valid. It is not in contravention of any statute of this State, and it is not contrary to any sound public policy (sections 195 to 198 of the Labor Law and section 1272 of the Penal Law do not apply because those sections prohibit deductions from wages for the benefit of the employer; here the deductions were to be made not for the benefit of the employer but for the union). Nor is there anything to prevent nonunion employees from making an agreement with their employer for what is in the nature of a " check off ". Such an agreement would be based upon a valid consideration. It is true that " dues " are ordinarily associated with membership in an organization. But these nonunion employees had the right to become members; indeed their employer obligated himself not to employ them unless they joined the union. Moreover, they were entitled, although not members of the union, to the benefits of the collective bargaining agreement (see *Steele* v. *L. & N. R. Co.*, 323 U. S. 192; *J. I. Case Co.* v. *Labor Board*, 321 U. S. 332).

If the " check off " is valid in the case of union employees, and if an agreement having a substantially similar effect is also valid if nonunion employees consent to it, I can see no reason why an employer may not be made to respond in damages for employing outside help without deducting and turning over to the union (or without putting himself in a position where he could do so) the amount of the certified union initiation fees and dues, or a sum equivalent thereto. In effect, under his agreement, the employer was permitted to employ outside help only if they would immediately join the union, and if they

would consent to " deductions " from their wages as in the case of union members. No fraud is pleaded or claimed, nor are the deductions in the case of outside help arbitrary or discriminatory. Courts pass only upon the legality of contracts, not upon their propriety or expediency.

The judgment may be sustained upon another ground. The contract provides, in addition to the " check off " clause, that when outside help is employed, such employee shall immediately apply for union membership and if his application is rejected, the proprietor shall discontinue his employment. By failing to terminate the employment of the employees who refused to become union members, the defendant is liable in damages to the extent at least of the initiation fees and dues which the union would otherwise have received. While the complaint is not predicated upon this specific breach, the record shows that there is no dispute about it. That being so, the pleading should be amended to conform to the proof. I believe, therefore, that the judgment below should be affirmed.

HAMMER, J., concurs with EDER, J., in opinion; SHIENTAG, J., dissents in opinion.

Judgment reversed, etc.