THE UNION AND NEW HAVEN TRUST COMPANY *v.* JOHN R. THOMPSON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

608

Argued April 8—decided May 19, 1948

*David C. Gordon,* with whom was *Joseph D. DiSesa,* for the appellant (plaintiff).

*James F. Rosen,* with whom, on the brief, was *Armen K. Krikorian,* for the appellees (defendants).

BROWN, J.   The plaintiff bank sued to recover $105, the amount of a check drawn upon it payable to the defendants' order and paid by mistake, upon presentment for collection, after the bank had received a stop payment order from the drawer.   The court rendered judgment for the defendants and the plaintiff has appealed.   It is undisputed that the bank was negligent in honoring the check.   The question is whether upon the record the court was warranted in denying it recovery.

The facts found by the court, in so far as material to our decision, are not subject to correction and

may be thus summarized: On November 15, 1946, the Pascale Manufacturing Company, which had a checking account in the Hamden branch of the plaintiff bank, drew a check thereon to the order of the defendants for $105, and at all times maintained a balance in excess of that sum. The defendants indorsed the check and deposited it in the Colonial Trust Company of Waterbury, which credited it to their account and forwarded it for clearance through the Boston clearing house. It was presented to the plaintiff and honored by it November 22, 1946. On November 19, 1946, the plaintiff had received from the Pascale Company a written stop payment order on this check, but by oversight the check was paid in due course, as stated above, and the payment credited on the defendants' account in the Colonial Trust Company. In December the mistake was discovered and the plaintiff reimbursed the Pascale Company by crediting its account with $105.

Prior to September 28, 1946, the Pascale Company had engaged a contractor, Ierardi, to build a factory building requiring special size steel window sash, which he ordered of the defendants. Because of lack of satisfactory information as to his credit rating, they refused to supply the sash without payment in advance. In consequence of this, after several weeks of negotiation and delay, the Pascale Company issued its check of November 15, 1946, to the defendants. On November 20, 1946, the company cancelled its order for the steel sash, but the defendants refused to accept the cancellation. The sash was manufactured and at the time of trial was on hand ready for delivery, but was not readily marketable because of the fact that it was of the special size ordered. On January 10, 1947, the plaintiff wrote the defendants either to deliver the sash to the

Pascale Company or to reimburse the bank in the sum of $105. The defendants did neither, though the sash was on hand for delivery. There was no evidence that the Pascale Company would have accepted delivery at any time after its attempted cancellation. The defendants first learned of the stop payment order by a letter from the bank dated January 10, 1947. There was no evidence of fraud or bad faith by the defendants in negotiating the check or otherwise. No act of the defendants misled the bank or induced its error in honoring the check, but it was negligent in disregarding the stop payment order.

In urging that the court erred in rendering judgment for the defendants, the plaintiff rests its appeal upon a rule of law which is thus quoted in its brief: "It has been held that banks paying out money by mistake may recover even though they were negligent in making the mistake, provided no damage has been suffered by the party receiving the money." *Turetsky* v. *Morris Plan Industrial Bank of New York*, 22 N. Y. S. 2d 514, 515. Other authorities cited in support of the rule are *National Loan & Exchange Bank* v. *Lachovitz*, 131 S. C. 432, 128 S. E. 10; *Foster* v. *Federal Reserve Bank of Philadelphia*, 113 F. 2d 326; note, 39 A. L. R. 1239, 1240; 9 C. J. S. 724, § 354c. This is but an application to the particular situation of a general rule of law supported by the weight of authority. 40 Am. Jur. 848. We have stated the general principle in this way: "Where money is paid under a mistake of fact, it is no defense to an action brought to recover it that the mistake arose through the plaintiff's negligence, if such negligence caused the defendant no harm." *Mansfield* v. *Lynch*, 59 Conn. 320, 330, 22 A. 313.

These authorities make clear that under the principle relied upon by the plaintiff it is entitled to no recovery unless it be so that its mistake in paying the check did not cause the defendants to change their position so that the return of the money would be prejudicial to them. The court found for the defendants on the ground that prejudice to them was involved in this case. Assuming that in normal course in such a case the defendant would have the burden of pleading and proving his injury, the contrary is true here. Paragraph 7 of the plaintiff's complaint alleges: "Said payment to the defendants was made by reason of mistake and said defendants were not then and are not now entitled to the moneys paid to them as aforesaid, but said defendants have enjoyed and are enjoying the use and benefit of the same, which they in good conscience have not the right to retain." This language can only be construed as alleging that the return of the money would not be prejudicial to the defendants. This paragraph was expressly denied by the defendants' answer. Under these circumstances the plaintiff is estopped by its own pleading from denying that the burden of proof upon this issue rested upon it. *Blake* v. *Torrington National Bank & Trust Co.*, 130 Conn. 707, 709, 37 A. 2d 241; *Boyd* v. *Geary*, 126 Conn. 396, 399, 12 A. 2d 644; Conn. App. Proc. § 21 (c). The finding contains no facts sufficient to establish that the plaintiff sustained this burden. In short, no fact is found to establish the sine qua non of recovery under the plaintiff's theory, to wit, that there had been no such "change in position" of the defendants as would render it unjust to require them to refund. It is clear that the plaintiff failed to sustain the burden of proof which rested upon it.

On the other hand, although it is found that the steel sash was manufactured and at the time of trial was on hand for delivery, and, being of the special size ordered, was not readily marketable as standard stock type, nowhere does it appear that anything with relation to this sash was done by the defendants either subsequent to or by reason of the plaintiff's mistake in paying the check to them. While one of the court's conclusions is that the plaintiff's demand that the defendants either reimburse it for the amount of this check or deliver the sash to the Pascale Company was "prejudicial to the defendants," there is no fact found which shows any prejudice to the defendants consequent upon the plaintiff's mistake in paying the check. The finding is therefore insufficient to support the judgment for the defendants upon the ground adopted by the court.

However, as it was incumbent upon the plaintiff to prove lack of prejudice affirmatively and it failed to do so, the court in rendering judgment for the defendants reached the right result upon a wrong theory. This constitutes harmless, not reversible, error. *Eastern Oil Refining Co.* v. *Court of Burgesses,* 130 Conn. 606, 611, 36 A. 2d 586; *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 464, 196 A. 145; *Thompson* v. *Coe,* 96 Conn. 644, 652, 115 A. 219; *Casner* v. *Resnik,* 95 Conn. 281, 284, 111 A. 68; Conn. App. Proc. § 18.

There is no error.

In this opinion the other judges concurred.