GEORGE DILLON ET AL. *v.* THE AMERICAN BRASS
COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 7—decided July 14, 1948

*Thomas R. Robinson,* for the appellants (plaintiffs).

*David R. Lessler,* for the appellee (defendant union).

*William J. Larkin,* 2d, with whom, on the brief, was *William J. Larkin,* for the appellee (named defendant).

MALTBIE, C. J.   The plaintiffs are employees of the named defendant, and a union of its employees is the other defendant.   The plaintiffs made an application to vacate an arbitration award in which it was determined that they were members of the union and that

the defendant company was bound, under the terms of a collective bargaining agreement, to make a deduction from their wages and remit the money so deducted to the union; and the plaintiffs also sought a temporary injunction to restrain any action under the award until the court should make a further order. On motion of the union the application was dismissed and the plaintiffs have appealed. The application was made under § 5850 of the General Statutes, which provides that the Superior Court "upon the application of any party" to an arbitration shall vacate the award if the arbitrators "shall have exceeded their powers." The ground upon which the application was dismissed was that the plaintiffs were not "aggrieved parties, giving them a standing in court."

The appeal must be decided upon the basis of the allegations of the complaint. From these it appears: On June 10, 1947, the defendant company entered into a written agreement, to be effective for two years and subject to renewal or cancellation, with a union as the authorized representative of the employees of the company, with respect to pay, hours of labor, and other conditions of employment. One paragraph of the agreement provides: "For the life of this Agreement, the Company agrees to deduct from the pay of Union members employed on jobs in the Bargaining Unit an amount not to exceed One Dollar and Fifty Cents ($1.50) for any one month. In addition, the Company will deduct from the wages of such employees who subsequently become members of the Union, an initiation fee or reinstatement fee of not more than Five Dollars ($5.00). The Company will remit these amounts collected to the Financial Secretary of the Union once each month." Another paragraph, so far as material to the issue before us, provides that, if there should be any difference of opinion between the company and

the union as to the interpretation or application of any clause in the agreement, either party may submit the matter for arbitration to an impartial arbitrator to be selected by the parties, and that the decision of the arbitrator shall be final and binding on both parties.

The complaint further states: The plaintiffs were not members of the union. A dispute arose between the company and the union as to whether the company was obliged to withhold a portion of the plaintiffs' wages and pay the money to the union. As the company and the union could not agree, four arbitrators were appointed, but they could not agree and the matter was submitted to a fifth arbitrator. The plaintiffs appeared as witnesses and asserted that they were not and never had been members of the union, and they claimed that the question whether they were members of the union was not a proper subject of arbitration under the agreement. The fifth arbitrator found that they were members of the union, that their wages were subject to deduction and that the portion withheld should be paid to the union.

The National Labor Relations Act, 49 Stat. 453, 29 U. S. C. § 159 (a) (1940), provided that the duly selected representative for collective bargaining in a unit shall be the exclusive representative "of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment"; and this language is repeated in the 1947 amendments. 61 Stat. 143, 29 U. S. C. A. § 159(a) (Sup. 1947). The bargaining agency represents all the employees of a unit whether or not they are members of the union "as to matters which are properly the subject of collective bargaining," provided it treats all fairly and without improper discrimination. *Steele* v. *Louisville & N. R. Co.*, 323 U. S. 192, 200, 65 S. Ct. 226, 89 L. Ed. 173;

*Crowell* v. *Palmer,* 134 Conn. 502, 508, 58 A. 2d 729. The basis of that representation is that all the employees have a common interest in the provisions of a collective bargaining agreement. But a provision in such an agreement that the employer shall deduct union dues from the wages of union members and remit them to the union is a provision in which a nonunion employee has no interest. We agree with the Circuit Court of Appeals for the Seventh Circuit when, in *Hughes Tool Co.* v. *National Labor Relations Board,* 147 F. 2d 69, 74, 158 A. L. R. 1165, it said: "The collection of dues by a union from its members is not in its nature a matter for collective bargaining, which by the Act is limited to agreeing with the employer on rates of pay, wages, hours of employment, and other conditions of employment, together with adjusting grievances between employees and the employer." As the court goes on to point out, however, such a provision, as between the employer and the union, is not improper or illegal. This conclusion finds support in *Greenwald* v. *Chiarella,* 185 Misc. 762, 765, 57 N. Y. S. 2d (Sup. Ct. App. Term) 765, 767, although that case was reversed by the Appellate Division on the ground that the agreement in question required the employer to employ only union members, except that he might temporarily employ nonunion men upon condition that they immediately apply for membership in the union, and that, if he continued their employment without their taking that step, he was in no position to refuse to make the deduction. *Greenwald* v. *Chiarella,* 271 App. Div. 213, 63 N. Y. S. 2d 49. As regards a provision in a collective bargaining agreement such as the one before us, a union, acting as the bargaining agency, does not represent nonunion members but only union members. See *National Labor Relations Board* v. *Knoxville Publishing Co.,* 124 F. 2d 875, 879; *Local 60* v.

*Welin Davit & Boat Corporation,* 133 N. J. Eq. 551, 553, 33 A. 2d 708. Such a provision has been described as "the voluntary assignment by the employee of so much of his wages as may be necessary to meet his union dues, and his direction to his employer to pay the amount to the treasurer of his union." *Gasaway* v. *Borderland Coal Corporation,* 278 F. 56, 65. Non-union employees could not properly, as to such a provision, be deemed in any sense "third party beneficiaries." See *J. I. Case* v. *Labor Board,* 321 U. S. 332, 336, 64 S. Ct. 576, 88 L. Ed. 762.

The dispute which arose between the defendant company and the representatives of the union, as to whether the plaintiffs were members of the union from whose pay union dues should be deducted, was, under the agreement, one which could be properly submitted to arbitration. As between the company and the union the award may well have finally determined that the former was bound to remit to the latter a sum of money equivalent to the amounts deducted from the plaintiffs' wages. But the plaintiffs were not in fact parties to the arbitration, for they appeared before the arbitrator merely as witnesses, nor were they parties through representation by the union, because, in this particular dispute, the union was not their agent. As they were not parties to it, the award could not determine their rights. *Benedict* v. *Pearce,* 53 Conn. 496, 498, 5 A. 371; *Cone* v. *Dunham,* 59 Conn. 145, 162, 20 A. 311. The question whether, as between them and the company, it should or could make a deduction from their wages for union dues, was not involved in or settled by the award. They were not personally affected by it; the application to the Superior Court to vacate the award was not made by a party to it; and they were not within the purview of § 5850. As between them and the company, the right of the latter

to make the deductions from their wages can, if necessary, be determined in an action to which it and they are parties; and the award would not create an estoppel as regards the issues in that action, nor indeed would it be relevant to them.

We agree with the trial court that the plaintiffs were not parties to the arbitration who had any standing to apply to have it vacated, and that we come to that conclusion on another ground than it did is of no significance. *Kelley* v. *Board of Zoning Appeals,* 126 Conn. 648, 653, 13 A. 2d 675; *Union & New Haven Trust Co.* v. *Thompson,* 134 Conn. 607, 612, 59 A. 2d 727.

There is no error.

In this opinion the other judges concurred.