LOCAL NO. 445 OF THE INTERNATIONAL UNION OF WIRE, MILL
AND SMELTER WORKERS, C. I. O. v. THE AMERICAN
BRASS COMPANY

SUPERIOR COURT          NEW HAVEN COUNTY          FILE NO. 71750

Memorandum filed March 13, 1949

*David R. Lessler,* of Bridgeport, for the Plaintiff.

*Carmody, Larkin & Torrance,* of Waterbury, for the Defendant.

MELLITZ, J.  This is an application, made pursuant to General Statutes, Rev. 1930, § 5849, (Rev. 1949, § 8160), for an order confirming an arbitration award.  The defendant has interposed certain special defenses which the plaintiff moves to strike out.

Section 5849 provides that an application for an order confirming an award may be made at any time within one year, and that the court shall grant such order unless the award be vacated, modified or corrected as prescribed by statute.

The application herein was made October 7, 1948, and recites that the award was made December 5, 1947, and that no motion to vacate, modify or correct the award was made within thirty days as required by Rev. 1930, § 5852 (Rev. 1949, § 8162). These allegations are admitted in the defendant's waiver.

The grounds upon which an award may be vacated are set forth in Rev. 1930, §5850 (Rev. 1949, § 8161).  In one aspect the special defenses, in effect, seek to vacate the award upon grounds other than those specified in the statute, and the special defenses are, in this aspect, clearly vulnerable to a motion to

strike out or expunge. In another aspect, however, the special defenses appear to involve questions of a substantive nature which properly should be attacked by demurrer. No objection has been raised on this score, counsel have argued the matter fully, and the sufficiency of the defenses are, therefore, considered on the present motion.

The defenses set forth that under the provisions of the act of Congress entitled "Labor Management Relations Act, 1947," which took effect July 1, 1948, the defendant was prohibited from carrying out the terms of the arbitration award after July 1, 1948, because the award, although made December 5, 1947, did not become effective until July 14, 1948, when the decision of the Supreme Court was rendered in *Dillon* v. *American Brass Co.*, 135 Conn. 10, on an appeal taken from the award.

The Labor Management Relations Act expressly provides that the prohibition referred to by the defendant shall not be applicable with respect to the payment of any money in satisfaction of a judgment of any court or a decision or award of an arbitrator. 61 Stat. 157; § 302(c) (2), 20 U. S. C. § 186(c) (2) (Sup. 1948). The effective date of the award herein was December 5, 1947. The appeal in the *Dillon* case was taken by persons who were not parties to the arbitration and who were held not involved in the award and without standing to take any action with relation thereto. It may be that the defendant was entitled to a stay in carrying out the terms of the award pending the *Dillon* appeal; but the award itself was not affected by the *Dillon* decision and the fact that the stay was removed when the decision was rendered on July 14, 1948, does not mean that the effective date of the award was extended or postponed until that date. See, e. g., *City National Bank* v. *Stoeckel,* 103 Conn. 732, 738.

The carrying out of the award was unaffected by the Labor Management - Relations Act and the matters set forth in the special defenses cannot be held effective to deny the plaintiff's application for an order confirming the award.

The motion is granted.