Margaret Barcroft et al. v. D. Harold Cotter, Administrator (Estate of Albert E. Bolton)

Superior Court      Fairfield County      File No. 80318

Memorandum filed March 21, 1950.

*Boardman, Stoddard* and *McCarthy,* of Bridgeport, for the Plaintiffs.

*Michael J. Sicilian,* of Bridgeport, for the Defendant.

MURPHY, J. The plaintiffs have appealed from the decree of the Probate Court for the district of Stratford that Gertrude Bolton survived her husband, Albert Bolton. The bodies of Mr. and Mrs. Bolton were found in their home by the police on November 28, 1947. They had been asphyxiated by gas escaping from an unlighted hot water heater in the cellar. Neither had been seen about the premises for at least three weeks.

Mr. Bolton's body was in bed, clothed in pajamas and bath-robe and covered with the bed clothes. Mrs. Bolton's body was nude except for a kimona and was on a day bed in the den. Both bodies were in advanced states of decomposition, the hus-band's more so than the wife's. The hot air furnace was func-tioning. A radiator was located within a few feet of the bed on which Mr. Bolton was lying. At the time of death, the hus-band was seventy-four years of age and his wife fifty-five. In life she had been more active and vigorous than he was.

The covering on the husband's body and the proximity of the hot air from the radiator accelerated the decomposition of his body. However, it does not indicate either that his body started to decompose first or that he died before his wife did.

Section 7048 of the General Statutes provides that the deaths of husband and wife shall be presumed to be simultaneous when there is no evidence to indicate the priority of death of either.

Section 7070 provides for the disposition of property when there is no sufficient evidence that the persons have died other than simultaneously.

The only evidence tending to establish the defendant's claim that the husband died first is the opinion of the medical examiner who said: "My opinion based upon the comparative ages of the two would be that Mr. Bolton would naturally die first; both persons being subject to the same amount of carbon monoxide poisoning, the older person usually will be first." This evidence is somewhat speculative. While both persons were in the same house they were in different parts of it and one or the other may have been closer to the heater from which the gas emanated. Consequently one's exposure may have exceeded the other's.

" . . . where two or more persons perish in the same disaster and there is no fact or circumstance to prove which survived, there is no presumption of survivorship. It is quite generally held that no presumption arises from consideration of age, sex, or physical strength. The case is treated as one to be established by evidence, and the burden of proof is placed on him who claims survivorship. . . ." 16 Am. Jur. 33.

The evidence is not sufficient to override the statute. The defendant has failed to sustain the burden of proving that the wife survived the husband. The statutory presumption of simultaneous death prevails.

The appeal is sustained and the decree of the Court of Probate is set aside.