## State of Connecticut *v.* William O. Van Keegan

O'Sullivan, Wynne, Daly, Alcorn and Phillips, Js.

Argued February 8—decided March 22, 1955

*John S. Barton,* for the appellant (defendant).

*James J. O'Connell,* prosecuting attorney, for the appellee (state).

DALY, J. The defendant was charged, in the information, with the crimes of making and fitting ophthalmic products without having obtained a license from, and without having been registered by, the commission of opticians, in violation of the provisions of § 4508 of the General Statutes; of operating an optical establishment without an optical license selling permit as required by the provisions of § 1702c of the 1953 Cumulative Supplement to the General Statutes; and of processing optical glasses and instruments without an optical license processing permit as required by § 1702c. His case was tried to the court. He was found guilty on each of the three counts and has appealed from the judgment.

The facts are as follows: On or about February 23, 1946, the defendant, by his attorney, filed with the commission of opticians his application for a

permit as a licensed optician. In an accompanying letter, it was stated that the defendant had reservations as to the validity of the statutes providing for the licensing of opticians and that the application was filed without waiver of his rights. The commission approved his application for a license and notified him to appear in Hartford on April 18, 1946, for an examination. By letter to the commission dated April 17, his attorney claimed that § 665h of the 1945 Supplement to the General Statutes, then in effect, neither permitted nor required the taking of an examination as a prerequisite to obtaining a license and stated that the defendant would not submit to the examination. In addition, it was claimed that, if § 665h did require the defendant to take an examination, it was discriminatory and unconstitutional. On October 30, 1946, the commission notified the defendant to appear for examination on November 11. On November 5, his attorney notified the commission that the defendant again refused to take any examination, on the grounds previously stated.

On February 5 and 11, 1954, the defendant produced and reproduced ophthalmic lenses, mounted them to supporting materials and fitted them by mechanical means. He also operated an optical store in Bridgeport where he made and dispensed reproductions of optical glasses. He had not obtained any of the licenses provided for by §§ 4508 and 1702c. For at least eleven years he had engaged in business as an optician and had maintained an optical establishment in Bridgeport.

The defendant claims that § 4508, the violation of which was charged in the first count, is unconstitutional and invalid, "in that it, together with Section 665h of the 1945 Supplement to the General Statutes,

and Section 767i of the 1947 Supplement to the General Statutes, as amended,"[1] constitutes a grant of exclusive public emoluments or privileges, deprives him of liberty and property without due course or process of law, abridges his privileges and immunities and denies him the equal protection of the laws. He asserts that § 4508 had its origin in § 665h, which was, he contends, as he did in 1946, unconstitutional and invalid because of the provisions contained in its subsections (c), (d) and (e). He takes the position

[1] "Sec. 665h. EXAMINATIONS. . . . (c) All licenses, permits and certificates issued by the commission of opticians before October 1, 1945, and recorded on said commission's records as being in full force and effect, as well as all recorded apprenticeship credits, are hereby validated as such. (d) All applicants whose applications for examinations have been filed with and accepted by said commission, and who have registered as apprentices . . ., shall be issued a license without further examination, in accordance with such accepted applications on file October 1, 1945. (e) Any person engaged for a period of time sufficient to acquire a knowledge of optics and skill in the technique of producing and reproducing ophthalmic lenses and kindred products and mounting the same to supporting materials and fitting the same to the eyes, for a period of time sufficient to acquire such skill, technique and ability, which shall be not less than four years, at least one year of which shall have been so spent within this state, shall be granted a license within the sphere of his skill, technique and ability as a licensed optician, mechanical optician, assistant licensed optician or assistant mechanical optician, by said commission, provided application for such license shall be made to the commission, with satisfactory proof of such knowledge, skill, technique and ability, on or before March 1, 1946."

"Sec. 767i. LICENSE FEES. A license issued under the provisions of this chapter shall be evidenced by a certificate . . . . A fee shall be paid to the treasurer of the commission [of opticians] . . . . Any person licensed by said commission who shall fail to renew his license within thirty days after the date of its expiration and shall, thereafter, desire to renew such license, shall pay to the treasurer of said commission double the amount of any of the foregoing license fees; but it shall be within the discretion of the commission to waive . . . the foregoing . . ., provided, before granting a license to any applicant who has not held a license issued by said commission within five years of the date of application, said commission shall require such applicant to pass a standard examination . . . ."

that licenses held by others at the time he was convicted under § 4508 were renewals of licenses which were issued without examination by the commission under, and by the purported authority contained in, subsections (c), (d) and (e) of § 665h and which were invalid because they had been granted to holders of licenses or renewals of licenses previously issued, without examination, under and by the provisions of § 1164c of the 1935 Cumulative Supplement to the General Statutes, which was held invalid for uncertainty in *State* v. *Van Keegan,* 132 Conn. 33, 38, 42 A.2d 352.

The rationale of the contention of the defendant that § 4508 is unconstitutional is that he was discriminated against in being tried and convicted under it while other persons who had invalid licenses, obtained without examination and under the provisions of invalid statutes, were permitted to make and fit ophthalmic products. He does not maintain that the provisions of § 4508 or those of any other existing statute permitted or caused the situation of which he complains. On the contrary, he relies upon invalid provisions of § 1164c of the 1935 Cumulative Supplement, which was repealed in 1945, at the time when § 665h became effective; Sup. 1945, § 667h; and claimed invalid provisions of §§ 665h and 767i, which were repealed when the 1949 Revision, which included § 4508, became effective on January 15, 1949. General Statutes § 8894; Public Act No. 8, Spec. Sess., Aug. 1948. Any discussion of the claims of error as to matters in the determination of which §§ 1164c, 665h and 767i were involved would be academic as far as the decision of this case is concerned. It is the established policy of this court not to decide issues of that nature. *Anastasio* v. *Gulf Oil Corporation,* 131 Conn. 708, 719, 42 A.2d 149.

It is true that the trial court did conclude that the validation of licenses, permits and certificates of others and the denial of an optician's license to the defendant under § 665h did not abridge his privileges or immunities, did not deny him the equal protection of the laws, did not deprive him of liberty and property without due process of law and did not constitute a grant of exclusive public emoluments or privileges. The correctness of these conclusions, however, is immaterial if the conclusion that the defendant was guilty beyond a reasonable doubt of violation of § 4508, as charged in the first count, is supported by other valid grounds. *Chouinard* v. *Zoning Commission,* 139 Conn. 728, 732, 97 A.2d 562; *Dillon* v. *American Brass Co.,* 135 Conn. 10, 16, 60 A.2d 661; *Aetna Life Ins. Co.* v. *Richmond,* 107 Conn. 117, 119, 139 A. 702; Maltbie, Conn. App. Proc., § 18.

Section 4508 authorizes the commission of opticians "to issue license certificates . . . to all persons who lawfully apply for the same, upon their submitting to the commission an acceptable written application, and after they have passed examinations" as thereinafter provided. It contains no provision empowering the commission to issue a license certificate to any person who has not passed the required examination. The statute under which the defendant was convicted in the first count is not unconstitutional on the grounds claimed by him. If it should be determined in a proper proceeding that other persons who, as claimed by the defendant, had invalid licenses were making and fitting ophthalmic products in violation of the provisions of § 4508, their having done so would not relieve the defendant from complying with its requirements. In any event, it is not for us to determine in this case whether others

have violated the law. The trial court did not err in finding the defendant guilty on the first count.

The defendant also maintains that he should not have been found guilty on the second and third counts, in which he was charged with operating an optical establishment without an optical license selling permit and with processing optical glasses and instruments without an optical license processing permit, as required by the provisions of § 1702c of the 1953 Cumulative Supplement. He contends that the same considerations apply as in the case of the optician's license provided for in § 4508, on the ground that § 665h permitted the commission to practice the same claimed arbitrary discrimination in issuing licenses for the operation of optical establishments as in issuing opticians' licenses. Our discussion of his claim that § 4508 is unconstitutional answers this claim.

His next claim is that § 1702c is inoperative since it is entirely dependent on § 4508 and since it permits the issuance of a license for operating an optical establishment only if it is under the supervision of an optician holding a license issued in accordance with the provisions of § 4508, which he claims is unconstitutional. As we hold that § 4508 is constitutional, no discussion of this claim is required. Notwithstanding his assertion that § 1702c is entirely dependent on § 4508, he contends that chapter 217 of the General Statutes, which embraces §§ 4500 to 4524 inclusive and §§ 1700c to 1704c of the 1953 Cumulative Supplement, is void for uncertainty in so far as it provides for the licensing of optical establishments. This claim is without merit.

Counsel for the defendant stated, during oral argument, that the defendant did not, at the times charged in the information and for many years prior

thereto, have a license for the reason that he was not required to have one because of the claimed invalidity of the statutes. In spite of this, the defendant claims that his conviction for violating § 1702c cannot be sustained, since it does not appear that he did not hold, under § 4507, an optical license permit, which he contends would permit the doing of the acts with which he was charged in the second and third counts. A short and sufficient answer to this claim is that, since it was not included in the claims of law made by him at the trial, we are not bound to consider it. *England* v. *England,* 138 Conn. 410, 416, 85 A.2d 483; *Petrillo* v. *Maiuri,* 138 Conn. 557, 562, 86 A.2d 869; Maltbie, Conn. App. Proc., p. 59; Practice Book § 409.

There is no error.

In this opinion the other judges concurred.