## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
### *v.* LEWIS J. SOMERS ET AL.

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE NO. 53735

Memorandum filed May 20, 1957.

*Wiggin & Dana,* of New Haven, for the plaintiff.

*T. Holmes Bracken,* of New Haven, for the defendant Somers.

*Frank P. Iodice,* of Meriden, for the defendant Ouelette.

FITZGERALD, J. Plaintiff is an insurance corporation and the defendants are Lewis J. Somers, individually and as administrator of the estate of Lillian Abair, late of Wallingford, and Mildred F. Ouelette, as administratrix of the estate of Albert Ray Abair, also late of Wallingford. As appears from the prayers for relief contained in its complaint, the plaintiff is seeking damages of the defendant Somers individually and in his representative capacity; a declaratory judgment determining which of the two estates at bar is entitled to the sum of $2000 from it by reason of a group policy and certificate referred to in the complaint; and such other relief as the plaintiff may be found entitled to.

The answer of the defendant Somers is one of admissions and denials. So also is the answer of the defendant Ouelette. However, the latter defendant has interposed a counterclaim against the plaintiff seeking damages of it as therein appears. The reply thereto of the plaintiff is largely one of admissions.

The case was tried to the court on March 20, 1957. Thereafter, counsel for the parties filed briefs which

are a credit to their authors. Those briefs and the evidence presented have been carefully examined. Since an appeal to the Supreme Court of Errors appears likely, the court has decided not to attempt a detailed enumeration of facts in this memorandum. In the event of such appeal, all counsel will be given an opportunity to participate in the formulating of a finding of facts by their submitted draft findings.[1]

It is sufficient to say that the material allegations of fact recited in the plaintiff's complaint and in the counterclaim of the defendant Ouelette are sustainable. One affirmative comment is noted. The decedents Albert Ray Abair and Lillian Abair were in fact husband and wife at the time of the misadventure which cost them their lives. The pleadings do not appear to allege their marital status as a specific fact.

At 3:31 on the afternoon of December 26, 1955, a locomotive engine traveling at a speed of sixty-five miles per hour struck an automobile at a railroad crossing in Wallingford. Mr. and Mrs. Abair and two others were in that car. After the engineer brought the locomotive to a stop 2100 feet down the track from the crossing and alighted, he noted the following things: (1) The automobile had been carried on the front of the engine for the stated distance; (2) Mrs. Abair was in the front seat in a reclining position and appeared to him to be dead; and (3) Mr. Abair had apparently been knocked out of the left door alongside of the driving wheel, and parts of his dismembered body were strewn along the track over which the locomotive had traveled after impact but before it was brought to a stop.

---

[1] The subsequent appeal to the Supreme Court of Errors by the defendant Somers as administrator of the estate of Lillian Abair was withdrawn.

The medical examiner arrived on the scene about a half hour later. The four people who had been occupants of the car were dead beyond all question. He noted in his official certificates that the cause of Mr. Abair's death was "dismemberment of body" and that of Mrs. Abair's was "laceration of scalp." In court he was unable to say whether Mrs. Abair's death was or was not simultaneous with that of her husband. He conceded that an autopsy on Mrs. Abair's body might have disclosed this aspect, but none had been performed. Hence he felt justified in noting in his official certificates relating to the Abairs that the time of death in both instances occurred at the time of the fatal collision given him by the engineer, namely, 3:31 p.m.

"The rule is, under insurance contracts, that where the insured and beneficiary die in a common disaster there is no presumption whatsoever as to which survived the other. The burden is cast upon the person desiring to prove that the beneficiary survived the insured to so prove, and, unless that burden is successfully borne, the insurance proceeds are payable to the insured's estate." 2 Appleman, Ins. Law & Practice, § 745.

"In England and also in the United States, with the exception of those states which have Codes embodying certain presumptions of survivorship, the common-law doctrine applies that where two or more persons perish in the same disaster and there is no fact or circumstance to prove which survived, there is no presumption of survivorship. It is quite generally held that no presumption arises from consideration of age, sex, or physical strength. The case is treated as one to be established by evidence, and the burden of proof is placed on him who claims survivorship, so that, if there is no proof offered by the person bearing the burden of proof, the re-

sult is his failure to meet a condition precedent to his success." 16 Am. Jur. 33, § 40.

The statute having direct application to this case is § 7070 (d) of the General Statutes.[2] This statute first appeared as § 677g in the 1943 Supplement. It is quoted in paragraph 7 of the plaintiff's complaint and in paragraph 5 of the counterclaim of the defendant Ouelette. Hence quotation again in this memorandum is not required. When applied to the circumstances surrounding the deaths of the Abairs, it seems clear that the proceeds of the insurance policy should have been initially distributed as if Mr. Abair, the insured, had survived Mrs. Lillian Abair, the designated beneficiary. This is because, in the language of the statute, "there is no sufficient evidence that they have died otherwise than simultaneously" on the afternoon of December 26, 1955. Compare the result reached by Judge Murphy in *Barcroft* v. *Cotter,* 16 Conn. Sup. 441.

It is found that the plaintiff in paying the sum of $2000 under the policy on February 9, 1956, to the defendant Somers as administrator of the estate of Lillian Abair did so under a mistake. See complaint, paragraph 9. "In this State remedy under the doctrine of unjust enrichment is available whether payment was made under mistake of fact or of law." *English* v. *Smith,* 123 Conn. 572, 576. Negligence of the plaintiff in making the mistake, if any, is not a sufficient defense to a recovery. This is because the estate of Lillian Abair in receiving payment due to the mistake of the plaintiff is found not to have suffered damage or harm. See controlling principles on this point quoted from other cases in

[2] "Sec. 7070 . . . (d) LIFE OR ACCIDENT INSURANCE. When the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously, the proceeds of the policy shall be distributed as if the insured survived the beneficiary."

*Union & New Haven Trust Co.* v. *Thompson,* 134 Conn. 607, 610. It has been made to appear that the $2000 paid by the plaintiff on February 9, 1956, has been under attachment in the bank account of the estate of Lillian Abair since this suit was commenced. Whenever one person has in his possession money which in equity and good conscience he should not retain from another, the latter may recover it. *Johnson* v. *Mortenson,* 110 Conn. 221, 229; *Roberti* v. *Barbieri,* 105 Conn. 539, 544. " The doctrine that one who holds money which he ought in equity and good conscience to pay over to another is subject to a legal duty to make such payment, is firmly established." *Fairfield* v. *Southport National Bank,* 80 Conn. 92, 102.

The following disposition is deemed to be appropriate and to fit the case as pleaded and tried, in view of the legal and equitable reliefs sought: (1) It is found that the allegations recited in the plaintiff's complaint are true. (2) It is found that the allegations recited in the counterclaim of the defendant Mildred F. Ouelette, administratrix of the estate of Albert Ray Abair, are true. (3) It is adjudged and decreed as a declaratory judgment that the estate of Albert Ray Abair is entitled to the sum of $2000 by reason of said group policy and certificate issued to said Albert Ray Abair in his lifetime, and not the estate of Lillian Abair, to which the plaintiff made payment by mistake. (4) Damages are awarded the plaintiff against the defendant Lewis J. Somers as administrator of the estate of Lillian Abair, but not against him individually, in the sum of $2000 together with any interest that said sum may have earned while on deposit in the bank account under attachment. (5) Damages are awarded the defendant Mildred F. Ouelette as administratrix of the estate of Albert Ray Abair against the plaintiff in the sum of $2000 with interest

at the rate of 6 per cent per annum from April 10, 1956 (date of demand), to date hereof, amounting to approximately $134, totaling $2134. (6) No costs shall be taxed in favor of any of the parties.

Judgment may enter as above specified.