HOLLOWAY *v.* STATE.

Opinion delivered April 5, 1909.

1. FORGERY—SUFFICIENCY OF EVIDENCE.—Proof that the names of the sureties upon a stay bond were forged, and that defendant was financially interested in having the judgment stayed, is insufficient to justify a finding that he forged the signatures of such sureties. (Page 125.)

2. SAME—NECESSITY OF DELIVERY.—The crime of forgery of a stay bond may be committed where the bond was forged and delivered to the sheriff with intent to defraud, although the sheriff never filed it with the clerk as required by law, and it therefore never became operative for any purpose. (Page 126.)

3. SAME—VARIANCE BETWEEN INDICTMENT AND PROOF.—Where a stay bond stipulated that the parties "undertake and bind" themselves to pay the judgment, and the indictment, in setting out such instrument, used the word "bond" in lieu of "bind," this was a clerical error, and did not constitute a material variance. (Page 126.)

4. SAME—STAY BOND.—The forgery of a stay bond has the effect of injuring the judgment creditor in his estate and in the enforcement of his lawful rights, within the meaning of Kirby's Digest, § 1714. (Page 126.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*Fink & Dinning,* for appellant.

1. The evidence does not sustain the verdict because (a) it wholly fails to connect appellant with the offense charged in the indictment. (b) The evidence does not tend to prove that the instrument of writing in evidence was the one upon which the alleged forged signatures were written. (c) No competent evidence to show that Turner obtained judgment against the Dixie Mutual Company *et al.* If there was no judgment, there could be no liability on the bond, and the latter could not be the subject of forgery. 19 Cyc. 1406; 61 S. W. 478; 45 Am. Dec. 601. (d) The bond was never filed with or approved by the clerk, and never became operative. Kirby's Dig. § 3250; 73 S. W. 1046; 17 Cyc. 1144; 51 S. W. 382; 36 S. W. 82; 9 Cow. (N. Y.) 778; 5 Enc. of Ev. 854.

2. The variance between the bond introduced in evidence and the purported copy thereof in the indictment, whereby the word "and" appears in the latter which is not found in the pond, and the word "bond" is substituted for "bind," is fatal. 19 Cyc. 1396; 62 Ark. 533, 534; 58 Ark. 242; 32 Ark. 609.

3. The evidence does not attempt to show that appellant forged the bond for the purpose of cheating and defrauding Turner, as alleged in the indictment. 80 Ark. 222; 41 S. W. (Ky.) 774; 2 Bishop, New Crim. Prac. § 427.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. The evidence is sufficient to connect appellant with commission of the crime and to sustain the verdict. If there is evidence to sustain the verdict, it will not be disturbed. 14 Ark. 202; 19 Ark. 671; 24 Ark. 251; 21 Ark. 306; 70 Ark. 136; 67 Ark. 399; 74 Ark. 478.

2. No variance between the proof and the indictment. Indorsements appearing on the bond need not be set out. 77 Ark. 543. ·

3. Where the forged instrument is made and uttered as genuine, the intent to defraud is presumed, and it is not necessary to prove damage. 62 Ark. 530; 58 Ark. 250.

McCULLOCH, C. J.  The defendant, H. W. Holloway, was indicted by the grand jury for the crime of forgery, alleged to have been committed by forging a bond staying a certain judgment of the circuit court of Phillips County, rendered in favor of E. M. Turner against the Dixie Mutual Fire Insurance Company.  The instrument of writing alleged to have been forged is set out in full in the indictment, and the sufficiency of the indictment has not been questioned by demurrer or otherwise.  A trial resulted in a verdict of conviction, and the court rendered judgment accordingly, and subsequently overruled defendant's motion for new trial.  He brings the case here by writ of error.

The bond in question purports to have been signed by the judgment debtor and by certain sureties.  The only evidence tending to establish defendant's guilt is this:  The sheriff of Phillips County, to whom the bond was delivered, testified that he had no positive recollection as to what person delivered the bond to him, and could not swear who delivered it to him, but thought that it was done either by Judge Fink, the attorney for the insurance company, or by the defendant, and that he believed it was by the latter.  Judge Fink testified that he prepared the bond as attorney for the insurance company; but the court would not permit him to state to whom he delivered it.  The persons whose names appear as sureties on the bond testified that they neither signed nor authorized the signature, and one of them testified to a conversation with the defendant after he was informed that there was such a bond in the hands of the sheriff; but there was nothing in the conversation tending to incriminate the defendant.

This evidence was not sufficient to connect the defendant with the alleged forgery.  There is nothing in the evidence to show that he had anything to do with the instrument except to sign it.  There is no proof whatever either that he signed the names of the sureties or that he delivered the bond to the sheriff.  Of course, where the forgery is established, the accused may be connected with the crime by circumstances.  But here we have no circumstances to connect the defendant with it except the bare fact that he was one of the obligors in the bond, and that he was interested in the insurance company and had employed Judge Fink to represent it in the litigation with Turner.  This is

not sufficient to justify a finding that the defendant forged the instrument, and for this reason the judgment must be reversed.

The indictment was based upon the following statute: "If any person shall forge or counterfeit any writing whatever, whereby fraudulently to obtain the possession or to deprive another of any money or property, or cause him to be injured in his estate or lawful rights, or if he shall utter and publish such instrument, knowing it to be forged and counterfeited, he shall, on conviction, be confined in the penitentiary not less than two nor more than ten years." Kirby's Digest, § 1714. It is contended on behalf of the defendant that, even if he forged the names of the sureties and delivered the bond to the sheriff, the offense was not complete, for the reason that it was not filed with the clerk as required by statute, and therefore never became operative for any purpose. This contention involves a misconception as to the distinction between the crime of forgery and of uttering a forged instrument. A delivery of the forged instrument is not necessary to constitute and complete the crime of alteration of an instrument of writing which is apparently valid, with the fraudulent intent to make use of it to the injury of another. 19 Cyc. 1373; Clark on Criminal Law, p. 333 *et seq.* To utter a forged instrument is to put it in circulation, or to offer to do so, with such fraudulent intent. *Elsey* v. *State,* 47 Ark. 572.

It is also contended that there is a fatal variance between the writing set out in the indictment and the bond introduced in evidence, in that it uses the word "bind," whereas the instrument set out in the indictment used the word "bond," at the place where it states that the parties and sureties "undertake and bind" themselves, etc., to pay the judgment. This is manifestly a clerical error in the preparation of the indictment, and does not constitute a material variance.

It is also contended that there is no evidence tending to show that the defendant forged the instruments for the purpose of cheating and defrauding Turner, the plaintiff in judgment. We are of the opinion that the evidence would be sufficient for that purpose if it connected the defendant with the crime. The statute is broad in its terms, and declares that it shall be unlawful for any person to forge any writing fraudulently to ob-

tain possession or deprive another of property, or to cause any person "to be injured in his estate or lawful rights." Now, a bond, executed pursuant to the terms of the statute, for the purpose of staying a judgment has the effect, if valid, of delaying the enforcement of the judgment, and this injures the judgment creditor in his estate and also in the enforcement of his lawful rights. We are of the opinion that a forged stay bond, whether it accomplishes its purpose or not by delaying the enforcement of a judgment, falls within the letter as well as the spirit of the statute, and renders the person who commits the act guilty of a crime.

We find no other error in the record; but, on account of the insufficiency of the evidence to connect the defendant with the commission of the crime, the judgment is reversed and the cause is remanded for new trial.