The People of the State of New York ex rel. Michael Costa, Relator, v. Joseph H. Wilson, as Warden of Great Meadow Prison, Comstock, New York, Respondent.

Supreme Court, Washington County, December 29, 1936.

*Robert W. Bascom* [*Abbott H. Jones* of counsel], for the relator.

*John J. Bennett, Attorney-General* [*William G. Healy, Assistant Attorney-General,* of counsel], for the respondent.

Brewster, J.  The relator is undergoing punishment by imprisonment as a fourth offender under section 1942 of the Penal Law, as amended by chapter 617 of the Laws of 1932.  His sentence resulted from his conviction of extortion on January 26, 1927. His third felony, counted to warrant this sentence, was his conviction on January 16, 1922, of possession of burglar's instruments subsequent to convictions of crime.  (Penal Law, § 408.)

Relator's contention is (1) that it was not the intent of the Legislature to make the punishment for a fourth felony conviction applicable when one of the prior offenses was, by statute, raised to the grade of felony solely because of the conviction of a felony prior to that, and (2) that a holding to the contrary would violate relator's constitutional and statutory protection from double jeopardy.

I cannot agree with either of these contentions.

When, having a record of a felony conviction (as a fact here are two such convictions), he violated section 408 of the Penal Law,

there is no gainsaying the conclusion that he committed another felony. (*People* v. *Heath,* 237 App. Div. 209; appeal dismissed, 261 N. Y. 662.) We cannot escape the power of the Legislature to make the punishment fit the crime and the criminal as it deems best, so long as it is concerned with acts that are not inherently innocent and the offender's constitutional rights are not disturbed. (*Lawton* v. *Steele,* 119 N. Y. 226, 233.) This power may transcend the bounds of the common law, and new offenses may be created. (*People* v. *Most,* 128 N. Y. 108, 113.) While that which is made a crime must be some "act or omission," still, given the act, the grade of its offense, in the lexicon of crime, may be made dependent on previously adjudged criminality. Our criminal statutes are quite replete with such instances. It is not for the courts to question this marked doctrine in penology which decrees increased punishment for repeated criminal conduct and makes mandatory the punishment prescribed. Thus I cannot escape the conclusion that it was, among other considerations, the very intent of the Legislature, that relator, upon conviction of a violation of section 408 of the Penal Law, should achieve a definite status as regards the State, namely, to thereafter stand and remain as one with an added felony conviction upon his record. The rule of strict construction does not aid relator as there can be no serious contention that the prohibited act (Penal Law, § 408) is and may be made criminal. (Penal Law, § 21; *People* v. *Shakun,* 251 N. Y. 107.) The increased punishment relator received on his third conviction became mandatory because of his status as a prior offender. His status, as then altered to one with three felony convictions, became fixed until his fourth transgression operated to make mandatory the sentence he received. I can take no other view than that this was the legislative intent.

I can see no force to relator's argument that he is undergoing double jeopardy. His offenses are distinct and separate in act and time. None are identical in law or fact. (*People* v. *Rodgers,* 184 App. Div. 461, 463.) In my view, his plight simply results from the increased punishment which the statutes compel. The infliction of greater punishment because of a status caused by his own conduct punishes for no one offense twice within the guaranty against double jeopardy. Contra, a second or third felony, the sentence for which gave increased punishment, would have to be omitted in the count of four that brings a sentence such as relator received.

An order may be submitted dismissing the writ.