## EX PARTE BILLIE G. BOMAN

No. 27,040. May 26, 1954

Relator represented himself.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

Relator, an inmate of the Texas Prison System, seeks his discharge, alleging that the judgment of conviction against him is void for the following reasons.

According to his application, the relator was convicted of felony theft upon an indictment alleging two prior convictions and sentenced to life imprisonment. He contends that he was deprived of a trial in accordance with due process because the entire indictment was read to the jury before they had reached a verdict on his guilt as to the primary offense. This court has recently in Redding v. State, 159 Texas Cr. Rep. 535, 265 S.W. 2d 811, overruled such a contention.

Relator contends that Article 63, V.A.P.C., is unconstitutional in that it is not uniformly applied and administered by the different prosecutors throughout the state. He claims that 70% of the accuseds who are indicted under such article are allowed to plead guilty to the primary offense and that portion of the indictment alleging the prior convictions is dismissed. We are supplied with no proof that relator's figures are accurate, but even if they were this would not render the act unconstitutional. The fact that a law may not be invoked against others could not in anywise affect its constitutionality because invoked against relator. As written, it is capable of uniform enforcement.

Relator contends that Article 119, V.A.C.C.P., is unconstitutional because it deprives the district judges of the power to discharge a person convicted of crime. He contends that the district judges are in a better position to pass upon credibility of the witnesses than is the Texas Court of Criminal Appeals. Be that as it may, the legislature has designated this tribunal as the forum for decision. So long as a court is open to hear writs of habeas corpus, then the requirements of due process are met.

The application for writ of habeas corpus is denied.