Submitted August 25, affirmed September 23, petition for
rehearing denied October 21, 1959

## STATE OF OREGON *v.* BAILLEAUX

343 P. 2d 1108

Paul Rowton Bailleaux, in propria persona, Salem, for appellant.

Robert Y. Thornton, Attorney General, Salem, Winston L. Bradshaw, District Attorney, Oregon City, and Roy H. Madsen, Deputy District Attorney, Oregon City, for respondent.

## WARNER, J.

The appellant, Paul Rowton Bailleaux, was on the twenty-seventh day of April, 1957, after trial by jury, convicted of attempted burglary not in a dwelling and thereafter, on May 13, 1957, sentenced by the circuit court of Clackamas county to a term of five years in the penitentiary. Bailleaux does not appeal from that conviction.

On September 4, 1957, the district attorney for Clackamas county filed an information against appellant under the Habitual Criminal Act (ORS 168.010 et seq.) accusing him of four previous felony convictions:

one in the state of California, one in the state of Washington, and two in the state of Oregon, including the conviction of April 27, 1957, to which reference has been made.

On the sixth day of January, 1958, after trial by jury, the previous convictions were found as charged by the information, whereupon the court vacated the previous sentence of five years and entered a new judgment confining the defendant to the penitentiary for a period of 30 years. From this judgment Bailleaux appeals.

Appearing herein in propria persona, the appellant tenders three assignments of alleged error for our consideration. We will review them in the order presented.

Appellant's first assignment represents that the court erred in denying his motion to be allowed to remain in the Clackamas county jail, at Oregon City, during the pendency of the habitual criminal proceedings in order to afford him a better opportunity to confer with his attorney.

ORS 137.320 mandates, when a judgment in the penitentiary is directed, it is the duty of the sheriff to deliver the defendant to the head of that institution. ORS 137.370 provides that the defendant's term commences from the date of that delivery. Bailleaux began his term after conviction on the felony charge May 14, 1957.

1. There is no provision whereby one under penitentiary sentence can serve any part of it outside of that institution unless transferred to another place of authorized confinement pursuant to ORS 421.210 or ORS 421.211, neither of which is applicable here.

2. At the time of his arraignment on the habitual

criminal information (October 28, 1957), Bailleaux was brought from the penitentiary in Salem to Oregon City. In response to the court's inquiry concerning counsel, he asked for the services of the same attorney who had, under court appointment, represented him in the trial of the felony charge that resulted in his conviction. The court acceded to this request. The appointed counsel thereupon and thereafter diligently and with becoming thoroughness addressed himself in a most commendable manner in Bailleaux's cause.

Notwithstanding that the law provides for a continuing incarceration in the penitentiary without a right in a prisoner for removal elsewhere to serve his or his counsel's convenience, it appears that he enjoyed frequent opportunities to meet with his attorney in Oregon City during the two months' period which intervened between the date of his arraignment and January 6, 1958, the day of the trial on the habitual criminal charge.

On the day of arraignment, counsel asked for an opportunity then to consult with his client. The court recessed for the period of that interview and furnished a room where they might confer privately. Upon denial of the motion to be allowed to remain in the county jail, the court granted a continuance to November 12, 1957, and appellant was thereupon returned to the penitentiary, but not until counsel had a further interview with Bailleaux in the jail that day.

Thereafter, three continuances were granted at Bailleaux's request. A fourth and last one was made on motion of the state, to which appellant objected. This resulted in setting and resetting the trial date four different times. On each trial date appellant was brought from the penitentiary to Oregon City and returned the same day to Salem. The appellant and

counsel were in court on each occasion with opportunity to consult and did confer, as is apparent from the course pursued by his counsel at each of the four appearances made in court prior to the date of the trial, which began December 31, 1957. At that time, in response to the court's inquiry if ready for trial, his counsel made answer in the affirmative. Had the contrary been true, it was a proper time, upon proper showing, to have moved for a further continuance, particularly if appellant had been denied a sufficient opportunity to have consulted with counsel. This he did not do, thus waiving his right to object if he had solid ground to complain. It must, therefore, be presumed that no further consultation was necessary. This conclusion may likewise be derived from the frequency of his return to Oregon City after having first pleaded to the information. Moreover, the record is silent how many times, if any, during the intervening period, his counsel may have conferred with him at the penitentiary, the distance between Oregon City and that institution of approximately 40 miles.

Under the circumstances, we find no merit in appellant's first assignment.

■ His second assignment is directed to the court's denial of his offer to present witnesses and records to the effect that Oregon's Habitual Criminal Act has generally been enforced in the state in such a manner that his prosecution thereunder constitutes an unlawful discrimination against him and a denial of the equal protection of the laws accorded by the Constitution of the United States and the Oregon Constitution. He represents that the various district attorneys of this state have been lax or indifferent in filing informations under the act with the result that some persons con-

victed of a felony who have previous records of felony convictions receive lighter sentences than those against whom charges of previous convictions have been laid.

For his third assignment he contends that the court erred in overruling his demurrer to the information because the district attorney failed to file an habitual criminal information against him "immediately" after his conviction.

■ The second and third assignments have a familiar ring. It comes from Ralph M. Hicks, appellant's accomplice in the commission of the same felony that led to their respective convictions. He, too, urged the same two propositions in his appeal from his conviction and the sentence he subsequently received under the Habitual Criminal Act and wherein we held contrary to his contentions. The decision to which we make reference and which gives complete answer to Bailleaux's second and third assignments is: *State v. Hicks*, 213 Or 619, 325 P2d 794, decided May 14, 1958. We have not been presented with any argument nor cited to any authorities in the instant matter that inclines us to depart from our holding in the Hicks case.

Affirmed.