STATE OF CONNECTICUT *v.* JOSEPH DALEY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued May 6—decided July 12, 1960

*Joseph Daley,* pro se, the appellant (defendant), with whom was *James D. Cosgrove,* public defender.

*George D. Stoughton,* assistant state's attorney, with whom, on the brief, were *John D. LaBelle,* state's attorney, and *J. Read Murphy,* assistant state's attorney, for the appellee (state).

MELLITZ, J. The defendant was sentenced in the Superior Court as a habitual criminal under the Indeterminate Sentence Act, General Statutes § 54-121, after having been found guilty of forgery and of having been twice before convicted, sentenced and imprisoned in a state prison. The assignments of error present two issues: (1) whether the defendant could legally be charged and sentenced under the act when, by its terms, it is applicable to a per-

son who has been twice before convicted, that is, to a third offender, and here the court was aware that the defendant was a fourth offender; and (2) whether the defendant was denied the equal protection of the laws by being charged and sentenced under the act when many other persons similarly circumstanced were not so charged, although the act is mandatory and does not give the state's attorney discretion to select some persons to be charged under it while others, similarly circumstanced, are not so charged.

The first contention merits no discussion. In *State v. Reilly,* 94 Conn. 698, 706, 110 A. 550, it was pointed out that the statute takes account of only two prior convictions and that if more than two convictions are alleged or proved, the additional convictions may be disregarded as surplusage.

To support his second and principal contention, the defendant lists the names of twenty inmates of the state prison who were not sentenced under the Indeterminate Sentence Act although they were, purportedly, in the category of persons who could have been charged and sentenced under it. He did not offer to show that the failure to charge these persons as third offenders under the act was the result of arbitrary action or intentionally unfair discrimination on the part of the state's attorney. *Yick Wo* v. *Hopkins,* 118 U.S. 356, 374, 6 S. Ct. 1064, 30 L. Ed. 220. The fact that persons have not been sentenced as habitual criminals when they might have been warrants no inference that there was any unwillingness on the part of the state's attorney to enforce the law as written. Many reasons may account for the instances; for example, the prior convictions may not have been susceptible of adequate proof; *State* v. *Hefflin,* 338 Mo. 236, 241, 89 S.W.2d

938; or, as in *State* v. *Delmonto,* 110 Conn. 298, 299, 147 A. 825, there may have been an inadvertent failure to observe some technical requirement. Even were it shown, however, that the instances were due to the failure of the state's attorney to enforce the criminal laws, that fact would not constitute a defense for any other offender, in the absence of a showing of intentional or arbitrary action amounting to an unjust and illegal discrimination between persons in similar circumstances. *Yick Wo* v. *Hopkins,* supra, 373; *State* v. *Hicks,* 213 Ore. 619, 638, 325 P.2d 794, cert. denied, 359 U.S. 917, 79 S. Ct. 594, 3 L. Ed. 2d 579; see *State* v. *Van Keegan,* 142 Conn. 229, 234, 113 A.2d 141.

Claims similar to those advanced here by the defendant have been held in other jurisdictions to be insufficient to establish a violation of constitutional requirements. *State* v. *Hicks,* supra, 640; *Sanders* v. *Waters,* 199 F.2d 317, 318; *People* v. *Johnson,* 412 Ill. 109, 114, 105 N.E.2d 766, cert. denied, 344 U.S. 858, 73 S. Ct. 98, 97 L. Ed. 666, cert. denied, 347 U.S. 955, 74 S. Ct. 681, 98 L. Ed. 1100, rehearing denied, 347 U.S. 1022, 74 S. Ct. 873, 98 L. Ed. 1142; *In re Skinner,* 136 Kan. 879, 883, 18 P.2d 154; *Ex Parte Boman,* 160 Tex. Crim. 148, 149, 268 S.W.2d 186.

There is no error.

In this opinion the other judges concurred.