ARTHUR SAMUEL BRUNDRETT V. STATE

No. 34,116.   January 24, 1962
Motion for Rehearing Overruled March 14, 1962

Appellant represented himself.

*Henry Wade,* Criminal District Attorney, *Ben Ellis, Paul French, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, JUDGE.

The conviction is for robbery by assault with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, life imprisonment.

This is a companion case to Cause No. 34,119, styled, Bill Harris, Appellant v. The State of Texas, Appellee, opinion this day delivered (p. 150, this volume).

The State's evidence in the two cases relative to the primary offense is substantially the same, and, as shown in the opinion affirming the conviction of appellant's co-defendant, reflects that on the night in question, the appellant and his companion Bill Harris entered a Cabell's Store in the City of Dallas, both being armed with pistols, and by an assault and putting the prosecuting witnesses Ardell Jobe, an employee of the store, in fear of bodily injury and his life, did fraudulently take from his person and without his consent, a billfold containing $8.00 and from a cash register and safe in the store the sum of approximately $500 and 81 blank money orders.

Proof was made by the State of the prior alleged conviction of appellant by the introduction in evidence of certified copies of the indictment, judgment and sentence in Cause No. c3554-IJ, styled, The State of Texas v. Arthur Samuel Brundrett, on the docket of Criminal District Court No. 3 of Dallas County, which showed that on the 23rd day of January, 1958, the defendant named herein, was convicted of the offense of robbery by assault, a felony less than capital. Appellant was identified as the person so convicted in the cause by the Assistant District Attorney who prosecuted the case and by the prosecuting witness in the case.

Certain fingerprints taken from the records in the prior conviction, upon being compared with appellant's known fingerprints, were shown to be of the same person.

Testifying as a witness in his own behalf, appellant denied committing the robbery and testified in substance that he was

at some other place at the time the offense was committed. Witnesses were called by appellant who testified in support of his defense of alibi.

Appellant predicates his appeal upon four contentions.

He first contends that the State failed to prove the prior alleged conviction because it was not shown that he was the person convicted. We find no merit in the contention. Appellant, while testifying as a witness, admitted that he was the person previously convicted. His identification was also shown by the testimony of the prosecutor and the prosecuting witness at the previous trial and by comparison of the fingerprints.

Appellant next insists that the judgment of conviction is void because the transcript does not contain an information based upon a valid complaint. The prosecution being for a felony upon indictment returned by a grand jury, no necessity existed for the filing of a complaint and information.

Appellant next complains that the court erred in appointing an attorney to represent him at the trial against his will. There is nothing in the record which supports appellant's contention. We cannot consider certain affidavits attached to appellant's brief in support of such contention. Tyler v. State, 163 Texas Cr. Rep. 46, 288 S.W. 2d 517.

Appellant's last contention is that Art. 62, V.A.P.C., is unconstitutional, under both the Federal and Texas Constitutions, because it is not being uniformly applied throughout the State, resulting in many persons being convicted and confined in the penitentiary as first offenders who in fact had committed prior offenses and were subject to punishment as second offenders under the provisions of Art. 62, supra. While the record does not support appellant's contention that the law is not being uniformly enforced in this State, if such was the proof, it would not render Art. 62, supra, unconstitutional. Such law as written is capable of uniform enforcement. Ex Parte Boman, 160 Texas Cr. Rep. 148, 268 S.W. 2d 186.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.