Argued November 1, 1961, affirmed April 25, petition for
rehearing denied May 22, 1962

# BAILLEAUX *v.* GLADDEN

370 P. 2d 722

*Thomas B. Brand,* Salem, argued the cause and filed a brief for appellant.

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

WARNER, J.

Bailleaux, the petitioner, is an inmate of the Oregon State Penitentiary. He brought this action under the Oregon Post-Conviction Hearing Act (ORS 138.510 to 138.680), seeking thereby to obtain a discharge from penal confinement. The circuit court sustained defendant's demurrer to the petition upon the ground that it

failed to state facts sufficient to constitute a ground for relief. Bailleaux having refused to plead over, his petition was dismissed. From that order he appeals.

The sole question presented is whether the petition alleges sufficient facts to entitle petitioner to the relief sought.

This case had its origin in petitioner's conviction in the Circuit Court for Clackamas county on May 8, 1957, as being a Previously Convicted Felon Carrying a Concealed Weapon (ORS 166.270). He was first sentenced to the penitentiary for a period of five years. On September 4, 1957, an information was filed against him under the Habitual Criminal Act (ORS 168.010 et seq.). Following a trial by jury, three of the four previous convictions were found as charged in the information. The court thereupon vacated the previous sentence of five years and entered a new judgment, sentencing the petitioner to 30 years. From this judgment in the habitual criminal proceeding, petitioner appealed without success. *State v. Bailleaux*, 218 Or 356, 343 P2d 1108, cert den 362 US 923, 4 L ed2d 742, 80 S Ct 677.

In his present petition he alleges the following two grounds for relief. Petitioner first asserts that the Habitual Criminal Act was applied in a discriminatory manner as to him. Paragraph VI (1) of his petition reflecting this position reads as follows:

"That notwithstanding the fact that Oregon's habitual criminal act (ORS 168.010 et. seq.) provides no basis for distinguishing one offender from another, the prosecuting attorneys for the State of Oregon possess and follow a fixed, continuous and concerted plan not to enforce the habitual criminal laws against any offender of Negro, Chinese, Mexican or Indian race; that, on the contrary, the prose-

cuting attorneys for the State of Oregon knowingly, willfully, and by design enforce the habitual criminal laws exclusively against white offenders, which constitutes an illegal and unjust discrimination against petitioner, a white Caucasian, imprisoned in the Oregon State Penitentiary pursuant to action brought under the Oregon habitual criminal act; and that the said arbitrary, intentional, collusive, wrongful, and deliberate discriminatory intent on the part of the prosecuting attorneys for the State of Oregon and the law enforcement officials of the State of Oregon and the defendant herein, now existing in the administration of the habitual criminal act, deprive petitioner of the equal protection of the laws and equal justice, in violation of Article I, Section 20 of the Oregon Constitution and the Fourteenth Amendment of the United States Constitution."

Petitioner's second ground is that he was twice placed in jeopardy for the same offense. His pleading (Paragraph VI (2)) in support of this contention is as follows:

"That as appears from a copy of the indictment attached hereto * * *, your petitioner was charged by the State of Oregon, County of Clackamas, with the crime of being a Previously Convicted Felon Carrying a Concealed Weapon under ORS 166.270 and that the crime enumerated in the said indictment in the original cause in the above-entitled matter was the crime of Assault and Robbery Being Armed with a Dangerous Weapon in the County of Multnomah, State of Oregon, and from which petitioner was duly convicted on the 4th day of May, 1950. It further appears from the petition and documents on file herein that the Information filed against petitioner, attached hereto and marked Exhibit 'D', accused him of previous felony convictions consisting of the following: Conviction of Robbery on 5 September 1939, in the County of Los Angeles, State of California; Con-

viction of Robbery on the 2nd day of July, 1943, in the County of King, State of Washington; Conviction of Assault and Robbery Being Armed with a Dangerous Weapon on the 4th day of May, 1950, in the County of Multnomah, State of Oregon; Conviction of Attempted Burglary not in a dwelling committed on the 29th day of April, 1957, which said last conviction was stricken from the jury and not considered by the said jury. The inclusion of the conviction of Assault and Robbery being armed with a Dangerous Weapon of May, 1950 under the charge of previously convicted felon carrying a concealed weapon thus giving rise to a felony conviction of the said crime and the inclusion again of the same Conviction of Assault and Robbery Being Armed with a Dangerous Weapon of May 4, 1950, being the same crime and being the same charge, results in the inclusion of the said conviction for two purposes in the same matter, to-wit: Once for the substantive crime of previously convicted felon carrying a concealed weapon and secondly for the purpose of enhancing the penalty under the habitual criminal act, which said double inclusion resulted in your petitioner being twice placed in jeopardy of life and limb for the same offense, in violation of petitioner's rights under Article I, Section 12 of the Oregon Constitution and the Fifth Amendment of the United States Constitution, and the 14th Amendment of the United States Constitution."

For the reasons which follow, we find no merit in petitioner's appeal.

The gravamen of petitioner's assertion of discrimination is, as we have observed, the failure of the various district attorneys of this state to file informations against previously-convicted felons who are Negroes, Chinese, Mexicans or Indians.

■ On the authority of *State v. Hicks,* 213 Or 619, 325 P2d 794, cert den 359 US 917, 3 L ed2d 579, 79 S Ct

594, we hold that discrimination of the kind and character the petitioner attempts to plead does not fall within the purview of the Equal Protection Clause. See, also, the recent case of *Oyler v. Boles,* 368 US 448, 7 L ed2d 446, 82 S Ct 501. It is not a denial of equal protection that one person amenable to an enhanced penalty under the Habitual Criminal Act has his penalty increased and the act is not applied to other previously-convicted felons. The plea of denial of equal protection now made is substantially the same plea raised by petitioner before in his direct appeal from the order in the habitual criminal proceeding which increased his penalty. On that appeal it was cast against a slightly different background and repudiated by the court in *State v. Bailleaux,* supra (218 Or at 360).

We are impressed with the analysis of the Yick Wo doctrine (*Yick Wo v. Hopkins,* 118 US 356, 30 L ed 220, 6 S Ct 1064) made in *People v. Montgomery,* 47 Cal App2d 1, 117 P2d 437, 446, and cited with approval at page 640 in *State v. Hicks,* supra. We note again its statement that the remedy for unequal enforcement of the law "does not lie in the exoneration of the guilty at the expense of society." We also find that the *Montgomery* case has since been consistently followed and applied in California. *People v. Darcy,* 59 Cal App2d 342, 139 P2d 118, 124 (1943); *People v. Sipper,* 61 Cal App2d 844, 142 P2d 960, 963 (1943); *People v. Oreck,* 74 Cal App2d 215, 168 P2d 186, 190 (1946); *People v. Winters,* 171 Cal App2d 876, 342 P2d 538, 543 (1959); accord, *Application of Finn,* 54 Cal2d 807, 356 P2d 685, 688 (1960).

Bailleaux's second ground for relief rests upon a claim of double jeopardy.

Art I, § 12, of the Oregon Constitution provides: "No person shall be put in jeopardy twice for the same offence, * * *." The language of the Fifth Amendment of the federal Constitution is substantially the same.

■ The plea of a former conviction must be upon the plea of prosecution for the same identical offense. *State v. Stewart,* 11 Or 52, 4 P 128; *State v. Weitzel,* 157 Or 334, 340, 69 P2d 958.

■ The felony convictions to which the petitioner makes particular reference in his pleading, and upon which he relies in support of his conclusion, are separate and distinct crimes, although each may have some elements alike. The Habitual Criminal Act does not impose an additional penalty on crimes for which the defendant has already been convicted. It simply imposes a heavier penalty for the commission of a felony by one who has been previously convicted for the commission of one or more felonies. The punishment is for the new or last crime only. *Kelley v. State,* 204 Ind 612, 185 NE 453. See, also, *State v. Hicks,* supra (213 Or at 641); Annotations in the following volumes of ALR, 58 at 23; 82 at 348; 116 at 212; 132 at 93; 139 at 674.

In *State v. Wood,* 183 Or 650, 195 P2d 703 (1948), the defendant was tried and convicted under § 25-112, OCLA (now ORS 166.270), as a previously-convicted felon carrying a concealed weapon, the identical charge leading to the conviction of petitioner in the Circuit Court for Clackamas county on May 28, 1957. In the Wood indictment reference was made to Wood's previous conviction in Lane county for burglary. So, too, in the Bailleaux indictment reference was necessarily made to his previous conviction in Multnomah county,

Oregon, on May 4, 1950, for the crime of assault and robbery being armed with a dangerous weapon. In *State v. Wood,* supra, the defendant entered a plea of previous conviction or former jeopardy. In sustaining the denial of his plea this court said: "While that conviction [the one in Lane county] was a material element of the crime for which he was tried in Baker County, it did not comprise former conviction in the sense of the defense of former conviction in the instant case." (at 653)

The defendant's plea of double jeopardy made in *People v. Wilson,* 293 NYS 178, 161 Misc 421 (1936), under circumstances of conviction present here was disposed of by the court as follows:

"Relator's contention is (1) that it was not the intent of the Legislature to make the punishment for a fourth felony conviction applicable when one of the prior offenses was, by statute, raised to the grade of felony solely because of the conviction of a felony prior to that, and (2) that a holding to the contrary would violate relator's constitutional and statutory protection from double jeopardy (Const. art. 1, § 6; Penal Law, § 32).

"I cannot agree with either of these contentions.
"* * * * *

"I can see no force to relator's argument that he is undergoing double jeopardy. His offenses are distinct and separate in act and time. None are identical in law or fact. People v. Rodgers, 184 App. Div. 461, 463, 171 N.Y.S. 451. In my view, his plight simply results from the increased punishment which the statutes compel. The infliction of greater punishment because of a status caused by his own conduct punishes for no one offense twice within the guaranty against double jeopardy. * * *" (at 179-181)

See, also, 22 CJS 658, Criminal Law § 251.

We find that the allegations of discrimination and double jeopardy are manifestly insufficient to support a claim for relief under the Post-Conviction Hearing Act.

The judgment of the circuit court is affirmed.