Argued April 6, affirmed May 19, petition for rehearing
denied June 15, 1965

## STATE OF OREGON *v.* HOWELL
402 P. 2d 89

*Edward N. Fadeley,* Eugene, argued the cause and filed briefs for appellant.

*F. W. Linklater,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was William F. Frye, District Attorney, Eugene.

Before McAllister, Chief Justice, and Sloan, Goodwin and Holman, Justices.

SLOAN, J.

Defendant appeals from an enhanced penalty imposed upon him as a result of habitual criminal proceedings. He claims he was wronged because the act is discriminately enforced.

The assignments of error are directed at the refusal of the trial court to hear evidence relating to the alleged discrimination. The evidence was properly refused. The same question, in different form, has been before this court before. In *State v. Hicks,* 1958, 213 Or 619, at 640, 325 P2d 794, cert den 359 US 917, 79 S Ct 594, 3 L Ed2d 579 (1959) the court, by Mr. Justice BRAND said:

"Defendant has attempted to establish by evidence a conspiracy to wrongfully and intentionally discriminate against him by invoking the Habitual Criminal Act in his case, but not in others. The evidence fails to establish any such concerted and evil action as might bring the case within the purview of the Equal Protection Clause. The trial court committed no error in denying the motion to dismiss. * * *."

The later cases of *State v. Bailleaux,* 1959, 218 Or 356, 343 P2d 1108, cert den 362 US 923, 80 S Ct 677, 4 L Ed2d 742 (1960); *Bailleaux v. Gladden,* 1962, 230 Or 606, 370 P2d 722, cert den 371 US 848, 83 S Ct 86, 9 L Ed2d 84 (1962); *Tuel v. Gladden,* 1963, 234 Or 1, 379 P2d 553, gave the same answer to the claims of discrimination.

A similar case was presented to the Texas Court of Criminal Appeals where the court answered a claim of discrimination in this language:

"Relator contends that Article 63, Vernon's Ann.P.C., is unconstitutional in that it is not uniformly applied and administered by the different

prosecutors throughout the State. He claims that 70% of the accuseds who are indicted under such Article are allowed to plead guilty to the primary offense and that portion of the indictment alleging the prior convictions is dismissed. We are supplied with no proof that relator's figures are accurate, but even if they were this would not render the Act unconstitutional. The fact that a law may not be invoked against others could not in anywise affect its constitutionality because invoked against relator. As written it is capable of uniform enforcement." *Ex parte Boman,* 1954, 160 Tex Crim Rpts 148, 268 SW2d 186.

And see *Oyler v. Boles,* 1962, 368 US 448, 82 S Ct 501, 7 L Ed2d 446 (citing *State v. Hicks,* supra); *Sanders v. Waters,* (1952, 10th Cir) 199 F2d 317; *State v. Daley,* 1960, 147 Conn 506, 163 A2d 112. These cases sustain the trial court's determination that the evidence offered here was irrelevant.

In *State v. Hicks,* supra, the procedure for enforcing the Habitual Criminal Act was examined and found not lacking in constitutional requirements.

Affirmed.