CHARLES POE *v.* STATE OF ARKANSAS

5608                                     470 S.W. 2d 818

Opinion delivered September 27, 1971

36

*Louis W. Rosteck,* for appellant.

*Ray Thornton,* Attorney General; *Garner Taylor, Jr.,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant first contends that his conviction and sentence of forgery and uttering under our habitual criminal statute [Ark. Stat. Ann. §§ 43-2328—2330 (Repl. 1964) (Supp. 1969)] should be reversed because that statute violates Article 2, Sections 3 and 8, of the State Constitution. We have previously sustained the statute against attacks on its constitutionality. *Ferguson* v. *State,* 249 Ark. 138, 458 S.W. 2d 383. Appellant argues, however, that the equal protection and due process clauses of the above sections have been breached in his case. He bottoms this argument upon the circuit judge's statement during trial that the judge had no experience with the statute. He contends that utilization of the statute is discretionary with the prosecuting attorney, and thus permits discriminatory application to different habitual offenders.

We do not agree with this argument. The statute is not couched in language indicative of an intention that its invocation by prosecuting officers be discretionary any more than the statutes fixing punishment for the

crimes themselves. The language in ' all provide that one convicted "shall" be punished by a term of imprisonment within a prescribed range. See Ark. Stat. Ann. §§ 41-1803, 1805, 1810, 1823 (Repl. 1964). Certainly the act as written is invulnerable to attacks for denial of equal protection or for violation of due process. See *Graham* v. *West Virginia,* 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917 (1912); *McDonald* v. *Massachusetts,* 180 U. S. 311, 21 S. Ct. 389, 45 L. Ed. 542 (1901); *Moore* v. *Missouri,* 159 U. S. 673, 16 S. Ct. 179, 40 L. Ed. 301 (1895); *State* v. *Hicks,* 213 Ore. 619, 325 P. 2d 794 (1958); *State* v. *Bailleaux,* 218 Ore. 356, 343 P. 2d 1108 (1959); *Skinner* v. *Prather,* 136 Kan. 879, 18 P. 2d 154 (1933); *State* v. *Howell,* 240 Ore. 558, 402 P. 2d 89 (1965), cert. denied, 383 U. S. 922, 86 S. Ct. 898, 15 L. Ed. 2d 676 (1966).

We know that the statute has been invoked in this state in many instances. See *Rowe* v. *State,* 224 Ark. 671, 275 S. W. 2d 887; *Jackson* v. *State,* 226 Ark. 731, 293 S. W. 2d 699; *McIlwain* v. *State,* 226 Ark. 818, 294 S. W. 2d 350; *Bowling* v. *State,* 229 Ark. 876, 318 S. W. 2d 808; *Clubb* v. *State,* 230 Ark. 688, 326 S. W. 2d 816; *Higgins* v. *State,* 235 Ark. 153, 357 S. W. 2d 499; *Osborne* v. *State,* 237 Ark. 170, 371 S. W. 2d 518; *Miller* v. *State,* 239 Ark. 836, 394 S. W. 2d 601; *Cummings* v. *State,* 239 Ark. 1027, 396 S. W. 2d 298; *Walker* v. *State,* 240 Ark. 441, 399 S. W. 2d 672; *Thom* v. *State,* 248 Ark. 180, 450 S. W. 2d 550; *Flurry* v. *State,* 248 Ark. 722, 453 S. W. 2d 402; *Dolphus* v. *State,* 248 Ark. 799, 454 S. W. 2d 88.

The record does not disclose that the prosecuting attorney, in seeking application of the act in this case, acted arbitrarily, capriciously or wilfully discriminated against appellant or a class of which he was a member. We can only speculate why the circuit judge had no previous experience with the act. No support for appellant's position is disclosed other than the bare statement by the judge. The most that can be said is that there may have been some laxity in the enforcement of the act. In other jurisdictions laxity in enforcement,

even though without apparent excuse, has been held insufficient to render application of such a statute to an individual defendant a denial of equal protection or due process of law, in the absence of any showing of arbitrary or capricious action or of a wilful intention to discriminate. *State* v. *Hicks*, 213 Ore. 619, 325 P. 2d 794 (1958); *State* v. *Bailleaux*, 218 Ore. 356, 343 P. 2d 1108 (1959); *State* v. *Howell*, 240 Ore. 558, 402 P. 2d 89 (1965), cert. denied, 383 U. S. 922, 86 S. Ct. 898, 15 L. Ed. 2d 676 (1966); *Skinner* v. *Prather*, 136 Kan. 879, 18 P. 2d 154 (1933); *Sanders* v. *Waters*, 199 F. 2d 317 (10th Cir. 1952); *Oyler* v. *Boles*, 368 U. S. 448, 82 S. Ct. 501, 7 L. Ed. 2d 446 (1961). See also, *Ex parte Boman*, 160 Tex. Crim. 148, 268 S. W. 2d 186 (1954); *People* v. *Johnson*, 412 Ill. 109, 105 N. E. 2d 766 (1952), cert. denied, 344 U. S. 858, 73 S. Ct. 98, 97 L. Ed. 666 (1952), 347 U. S. 955, 74 S. Ct. 681, 98 L. Ed. 1100 (1954), reh. denied, 347 U. S. 1022, 74 S. Ct. 873, 98 L. Ed. 1142 (1954); *People* v. *Mock Don Yuen*, 67 Cal. App. 597, 227 P. 948 (1924). It has been said that failure of a prosecutor to enforce the law as to some persons should not be converted into a defense for others charged with crime. *State* v. *Hicks*, supra. The United States Court of Appeals for the Fifth Circuit stated that it had never been held that one who is guilty of a crime cannot be punished merely because others equally guilty had not been prosecuted or convicted. *Saunders* v. *Lowry*, 58 F. 2d 158 (5th Cir. 1932). The Supreme Court of the United States has held that even conscious selectivity in enforcement of such an act which is not based upon unjustifiable standards or arbitrary classification does not offend against constitutional equal protection and due process standards. *Oyler* v. *Boles*, supra.

We cannot sustain appellant's contentions on the record before us. We certainly are unwilling to say that the mere failure of prosecuting attorneys in one district of the state to previously invoke the act, whether because of lack of information of previous convictions in other cases or because of selectivity in enforcement, makes the present or subsequent application of the act a denial of equal protection or due process.

Appellant's remaining point for reversal is a contention that the evidence was insufficient to support the conviction. He says that the state failed to prove that he fraudulently obtained the possession of, or deprived another of, money or property or caused another to be injured in his estate or lawful right by forgery or uttering of a check. This argument is based upon testimony showing that long before the check was presented the person whose name was forged had closed his account in the bank upon which the check was drawn, that the name of the bank had been changed from that appearing on the check, and that one digit of the apparent drawer's account number was missing. The check was not paid when presented by a person identified as the defendant. Thus, says appellant, he did not deprive either the bank or the person whose name was signed to the check of any money or property or injure anyone in his estate or lawful right. The fallacy in this argument is that the forgery and uttering statutes do not require that the purpose of the forger or utterer be accomplished. The gist of both offenses is guilty intent. They are committed when a check is forged, in the first instance, and offered as genuine, in the second, with the intent to defraud, even though the fraud is not actually perpetrated. Ark. Stat. Ann. §§ 41-1803, 41-1805 (Repl. 1964). *Bennett* v. *State,* 62 Ark. 516, 36 S. W. 947; *Holloway* v. *State,* 90 Ark. 123, 118 S. W. 256; *Maloney* v. *State,* 91 Ark. 485, 121 S. W. 728, 134 Am. St. R. 83, 18 Ann. Cas. 480.

The judgment is affirmed.