Argued April 15, affirmed May 6, reconsideration denied
June 6, petition for review denied June 11, 1974

STATE OF OREGON, *Respondent, v.* PAUL
ROWTAN BAILLEAUX (No. 49219),
*Appellant.*

521 P2d 1062

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

Following a conviction as a felon in possession of a concealable firearm, former ORS 166.270, defendant was found to be an habitual criminal in violation of former ORS ch 168, and was sentenced accordingly on January 6, 1958. Defendant appealed *pro se* from the habitual criminal sentence, and the sentence was affirmed. *State v. Bailleaux,* 218 Or 356, 343 P2d 1108 (1959), *cert denied* 362 US 923 (1960). Thereafter, defendant instituted a post-conviction proceeding, contending that he had been denied the right to assistance of counsel on his appeal. The post-conviction court agreed and granted defendant the right to appeal anew, with counsel, from the habitual criminal proceeding.

Defendant's initial contention is that the prosecutor's manner of enforcing the habitual criminal statute violated his constitutional rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Defendant maintains that the prosecutor's decision to proceed against him as an habitual criminal hinged on whether defendant pleaded guilty to the principal charge or elected to stand trial. Defendant contends that it was his decision to plead not guilty which prompted the

prosecutor, after defendant's conviction, to file the habitual criminal information. He assigns as error the trial court's refusal to hear evidence relating to the alleged discrimination.

■ The precise issue was before the Oregon Supreme Court in *State v. Howell,* 240 Or 558, 559-60, 402 P2d 89 (1965), *cert denied* 383 US 922 (1966), and the court in that case ruled that the evidence was properly refused. In so ruling, the court quoted with approval the following language of the Texas Court of Criminal Appeals:

" 'Relator contends that Article 63, Vernon's Ann.P.C., is unconstitutional in that it is not uniformly applied and administered by the different prosecutors throughout the State. He claims that 70% of the accuseds who are indicted under such Article are allowed to plead guilty to the primary offense and that portion of the indictment alleging the prior convictions is dismissed. We are supplied with no proof that relator's figures are accurate, but even if they were this would not render the Act unconstitutional. The fact that a law may not be invoked against others could not in anywise affect its constitutionality because invoked against relator. As written it is capable of uniform enforcement.' *Ex parte Boman,* 1954, 160 Tex Crim Rpts 148, 268 SW2d 186."

As in *Howell,* the proffered evidence herein was properly refused.

■ Defendant next contends that the loss of State's Exhibit 8, a certified copy of a Washington judgment and sentence, denies him full and fair appellate review of his sentence. While it is true that the exhibit is missing from the record and has apparently been lost, that fact is of no significance, since we can resolve defendant's underlying objection to the exhibit without

having the exhibit physically before us, because the exhibit was discussed in detail at trial.

■ The basis for the objection below was that the exemplification certificate for this out-of-state judgment of conviction did not comply with the provisions of ORS 43.110, because the exemplification did not indicate that the certifying judge was the presiding judge. ORS 43.110 provides in pertinent part as follows:

"* * * A judicial record of * * * a sister state * * * may be proved by the production of a copy thereof, certified by the clerk or other person having legal custody of the record, with the seal of the court affixed, if there is a seal, together with the certificate of the chief judge or presiding magistrate that the certificate is in due form and made by the clerk or other person having legal custody of the original."

In this case the exemplification contained in State's Exhibit 8 merely referred to Calvin S. Hall as a "judge" of the court, and did not refer to him specifically as "chief judge" or "presiding magistrate." However, that technical deviation from the terms of the statute is of no moment in this case since our review of the applicable Washington statutes indicates that Washington courts of general jurisdiction did not at the time of the proceeding herein provide for the selection of presiding judges in multiple-judge districts. RCW 2.08.010 et seq. ORS 43.110 does not require the certificate of a presiding judge where none exists. *Cf., Keyes v. Mooney,* 13 Or 179, 9 P 400 (1886).

Defendant next complains of the fact that a 1950 conviction was used both to (1) enhance the crime of being in possession of a concealable weapon from a

misdemeanor to a felony, and (2) enhance the sentence imposed upon him under the habitual criminal proceeding. In so complaining, defendant simply restates an assignment of error which was rejected by the Oregon Supreme Court in one of defendant's earlier attacks upon his conviction. *Bailleaux v. Gladden,* 230 Or 606, 611-614, 370 P2d 722, *cert denied* 371 US 848 (1962).

Next, defendant contends that the 114-day time period between the judgment of conviction on the charge of felon in possession of a concealable firearm (May 13, 1957) and the filing of the habitual criminal information (September 4, 1957) was unreasonable under former ORS 168.040 (2) which provided:

> "If, upon investigation, it is determined by competent evidence that the person has been so previously convicted, the district attorney shall immediately file an information accusing the person of the previous convictions and serve a copy of the information upon him. The information shall be filed within two years after the last conviction, and a copy served on the defendant 30 days before any further proceedings are taken in court."

In *State v. Romero,* 1 Or App 217, 221, 461 P2d 70 (1969), this court construed the word "immediately" to mean that "the district attorney must proceed within a reasonably prompt period of time after the pertinent information becomes known," and held that, in the absence of explanation, an 18-month delay was unreasonable. In this case, unlike *Romero,* the record affirmatively shows that the lapse of time was attributable to obtaining proof of the prior convictions which would be admissible as evidence, and performing legal research. The record further shows that as soon as the district attorney was prepared to prove that the de-

fendant had been previously convicted of felonies, he moved with dispatch. This relatively short period of time cannot be considered unreasonable, particularly when defendant does not assert or show any prejudice.

■ Finally, defendant argues, without any citation of authority, that the jury should have been required to make a specific finding of fact that defendant was an "habitual criminal," in addition to determining the existence of the prior convictions and the identity of defendant as the person convicted in each prior case. That contention is without merit.

■ Former ORS 168.040 (3)[①] provided that a jury was to be empaneled in an habitual criminal proceeding "to inquire whether [the convicted person] is the person mentioned in the several records as set forth in the information." Those were the factual issues for the jury to determine. If the jury found that the convicted person was the person mentioned in those records, the

---

[①] Former ORS 168.040 (3) provided:

"At the end of the 30-day period the court in which the last conviction was had shall cause the person, whether confined in the penitentiary or otherwise, to be brought before it and shall inform him of the allegations contained in the information and of his right to be tried as to the truth thereof according to law. The court shall require him to state whether or not he is the person charged in the information. If he denies being that person, refuses to answer, or remains silent, his plea or the fact of his silence shall be entered of record, and a jury shall be empaneled to inquire whether he is the person mentioned in the several records as set forth in the information. If the jury finds that he is that person, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is that person, the court shall sentence him as provided in ORS 168.011, 168.021 or 168.031, and shall vacate any previous sentence imposed on the last conviction, deducting from the new sentence all time actually served on the sentence so vacated, unless the new sentence is for the term of his natural life."

convicted person was by statutory definition an habitual criminal, and the court was required to impose sentence pursuant to the Habitual Criminal Act.

Affirmed.